[Civ. No. 21152. Second Dist., Div. One. Feb. 13, 1957.]

OIL BASE, INC. (a Corporation), Plaintiff and Appellant, v. TRANSPORT INDEMNITY COMPANY (a Corporation) et al., Defendants and Appellants.

William W. Waters and Martin, Hahn & Camusi for Plaintiff and Appellant.

Robert W. Stevenson and John F. O'Hara for Defendant and Appellant Transport Indemnity Co.

C. F. Jorz and Gary W. Sawtelle for Defendant and Appellant Hardware Mutual Insurance Co. of Minnesota.

THE COURT.—Appellant, Oil Base, Inc. (hereinafter called "Oil Base") has moved this court to recall the remittitur issued pursuant to the judgment of this court in the above-entitled matter, as set forth in the opinion filed herein on July 27, 1956, and which is reported in 143 Cal.App.2d at page 453 [299 P.2d 952].

The judgment of this court and the remittitur, so far as pertinent, read as follows:

"The judgments are reversed with directions to the trial court to in each case amend its conclusions of law and enter a judgment declaring the relative and respective rights and obligations of the parties to that action in accordance with

the views expressed in this opinion. It shall also, in action Number 613386, *award judgment to Oil Base as against Hardware in the sum of $100,000, together with interest at 7 per cent, on account of the moneys paid by Oil Base in settlement of the Smith claim;* and in the further sum of $1,086.22, together with interest at 7 per cent, on account of attorney's fees and costs incurred by Oil Base in the defense of the actions brought against it by Smith and Lowe, being respectively actions Number 610750 and Number 620224 in the Superior Court, State of California, in and for the County of Los Angeles; and it shall also award judgment in favor of Oil Base and against Transport in the sum of $108.63 on account of the attorney's fees and costs incurred by Oil Base in the aforesaid action.

"Oil Base, Transport, Mercury, and Scherer shall recover their costs on appeal against Hardware." (Emphasis added.)

The motion is made on the grounds that this court inadvertently neglected to fix the date from which interest should be allowed to Oil Base upon the judgment which the trial court was directed to award it as against respondent Hardware Mutual Insurance Company of Minnesota, a corporation (hereinafter called "Hardware"). Oil Base also seeks to have the remittitur corrected so as to specify August 21, 1953, as the date from which interest shall be calculated.

The failure to fix the date from which interest should be calculated in our judgment was an inadvertence on our part, probably induced by the fact that Oil Base was entitled as a matter of law to interest from the date it paid the obligation which Hardware was, under its contract, obligated to pay, and therefore we did not anticipate that Hardware or the trial court would understand our judgment as awarding interest from any other date.

The facts, so far as relevant here, are: Hardware, Transport Indemnity Company, and Security Mutual Casualty Company had issued policies of liability insurance by which each of them agreed to indemnify the persons insured therein against loss from the liability imposed by law arising out of the use, maintenance or operation of certain motor vehicles. On November 8, 1952, a motor vehicle operated by Oil Base was involved in an accident in which one Smith and one Lowe received serious personal injuries. Oil Base gave notice of this accident to each of the insurers. Thereafter, Smith and Lowe brought actions against Oil Base for the injuries they sustained in the accident. Oil Base tendered the defense

of these actions to the insurers, each of whom declined to accept the defense, and Hardware denied any liability under its policy. Oil Base then commenced an action in declaratory relief against all of the insurers.

After the commencement of this action, the Smith claim was compromised and settled in the sum of $360,000. Of this amount, $260,000 was paid by Transport and Security, and $100,000 by Oil Base. In order to enable Oil Base to pay said $100,000 to Smith, Transport advanced that sum to Oil Base as a loan "without interest, and repayable only to the extent of such net recovery" as Oil Base might "make from Hardware Mutual Insurance Company. . . ."

Oil Base then filed an amended and supplemental complaint by which it sought not only a declaration of its rights against the defendant insurers but also sought judgment in the sum of $100,000 against Hardware. By the prayer of this amended and supplemental complaint, it prayed for judgment against Hardware in the sum of $100,000 and for "such other and further relief as to the court may seem just and equitable in the premises." It did not expressly pray for interest. (For further details as to the facts and the contentions of the parties in the trial of the action and upon the appeal by Oil Base from the judgment of the trial court, see 143 Cal.App.2d 453 [299 P.2d 952].)

In opposing the motion to recall and correct the remittitur, Hardware makes no claim that Oil Base has been guilty of laches, nor does it assert that the amount of the loss sustained by Oil Base was not liquidated and ascertainable as of the date the Smith claim was settled (August 21, 1953), but contends that the amount owed by it was not liquidated and was uncertain because a controversy existed between it and Oil Base as to whether its policy attached to the risk, and if it attached, the extent of Hardware's liability thereunder. The fallacy of this contention seems apparent from the very statement of it. Hardware's liability was created by its contract and, under its contract, it was obligated to pay the $100,000 that was paid by Oil Base. The fact that it misconceived and put an erroneous construction upon this contract in no way affected its liability to pay the $100,000 at the time the Smith claim was settled, and its obligation to reimburse Oil Base attached the moment Oil Base made the payment which Hardware was obligated under its policy to make, and, the amount being certain, interest commenced to run from that date. (Civ. Code, § 3287.)

It would have been error for this court, or for the trial court, to refuse interest or to have fixed any date from which it was to be calculated other than August 21, 1953. As we have heretofore said our failure to state that date was purely inadvertent.

Hardware further contends, however, that because Oil Base was not obligated to pay interest to Transport it has not been damaged and is therefore not entitled to interest. There is no merit in this contention. Oil Base's right to interest depends solely upon whether it was on and after August 21, 1953, entitled to recover $100,000 from Hardware.

As construed by this court, Hardware became obligated under its policy to pay that sum to Oil Base on August 21, 1953, and upon failure to pay under its contract it became further obligated to pay interest at 7 per cent per annum. (Civ. Code, § 3302; Deering's Gen. Laws, 1944, Act 3757, § 1.)

If Oil Base, in order to pay the $100,000, had been compelled to borrow that sum and pay interest at the rate of 10 per cent per annum or had been compelled to sell property at a sacrifice, it would still have been limited in the damages which it might recover to the amount owed plus interest at 7 per cent per annum irrespective of its actual damage, and Hardware is no more entitled to the benefit of Oil Base's contract with Transport than it would have been penalized had that contract provided for the payment of interest to Transport at a rate in excess of 7 per cent.

It is also seemingly Hardware's contention that because the prayer to the amended and supplemental complaint did not make an express demand for interest, this court is without power to award it. As we have pointed out there was a prayer for general relief and, inasmuch as the interest is a part of and incident to the damages to which Oil Base was entitled under the facts pleaded in its complaint and under the interpretation placed upon Hardware's contract by this court, the award of interest was within the power of the court to grant, and it was our intention to grant it from the date heretofore mentioned. (See: *Lane* v. *Gluckauf*, 28 Cal. 288 [87 Am.Dec. 121]; *Cassacia* v. *Phoenix Ins. Co.*, 28 Cal. 628; *Chambers* v. *Security Com. & Sav. Bank*, 46 Cal.App. 32 [188 P. 818]; *Deaux* v. *Trinidad Bean & Elevator Co.*, 8 Cal.App.2d 149, 152 [47 P.2d 535].)

By supplying the date from which interest upon $100,000 is to be calculated, we do not change our judgment or add to it; we merely clarify and make certain that which was

implicit in it. This is clearly within our power. (See: *Southwestern Inv. Corp.* v. *City of Los Angeles,* 38 Cal.2d 623, 626 [241 P.2d 985]; *In re McGee,* 37 Cal.2d 6 [229 P.2d 780]; 3 Witkin, *California Procedure* (1954) § 176, p. 2370.)

This proceeding has directed our attention to the fact that while we awarded Oil Base judgment against Hardware in the sum of $1,086.22, on account of attorney's fees and costs incurred by it in the Smith and Lowe actions, and against Transport in the sum of $108.63 on the same account, and awarded interest at 7 per cent upon the amounts so awarded, we again inadvertently failed to fix the date from which interest should run.

Inasmuch, however, as Oil Base makes no complaint on this score, we will not examine the record to determine whether the date of the payment of these attorney's fees and costs is fixed so that we might order interest calculated from such a date, or examine the question as to whether our judgment was in effect a modification of the original judgment entered by the trial court, in which event interest would run from the date of the original judgment even though the exact date upon which attorney's fees and costs were paid was not shown.

We will, therefore, not make any correction in the remittitur as originally issued in this regard, and interest upon the amounts awarded as attorney's fees and costs will run from the date of the judgment entered by the trial court in accordance with our direction.

It is therefore ordered that the remittitur heretofore issued out of this court in the above-entitled matter be recalled, and that the same be corrected and reissued to read as follows:

"The judgments are reversed with directions to the trial court to in each case amend its conclusions of law and enter a judgment declaring the relative and respective rights and obligations of the parties to that action in accordance with the views expressed in this opinion. It shall also, in action Number 613386, award judgment to Oil Base as against Hardware in the sum of $100,000, together with interest at 7 per cent from August 21, 1953, on account of the moneys paid by Oil Base in settlement of the Smith claim; and in the further sum of $1,086.22, together with interest at 7 per cent, on account of attorney's fees and costs incurred by Oil Base in the defense of the actions brought against it by Smith and Lowe, being respectively actions Number 610750 and Number 620224 in the Superior Court, State of California,

in and for the County of Los Angeles; and it shall also award judgment in favor of Oil Base and against Transport in the sum of $108.63 on account of the attorney's fees and costs incurred by Oil Base in the aforesaid action.

"Oil Base, Transport, Mercury, and Scherer shall recover their costs on appeal against Hardware."

The petition of defendant and appellant Hardware Mutual Insurance Co. of Minnesota for a hearing by the Supreme Court was denied April 10, 1957.