[No. 4115–1.   Division One.   July 5, 1977.]

PEARSON CONSTRUCTION CORPORATION, ET AL, *Respondents,*
v. INTERTHERM, INCORPORATED,
*Appellant.*

*Hackett, Beecher & Hart* and *A. R. Hart,* for appellant.

*Foulds, Felker & Gelfand, P.S.,* and *Gerald W. Gelfand,* for respondents.

WILLIAMS, J.—This is an action for damages from fire caused by an electric arc in the cord of a portable heater. The defendant, Intertherm, Inc., appeals from an adverse judgment; the plaintiffs, Pearson Construction Corporation, Gotthard Roy Pearson and Marilyn Jean Pearson, cross–appeal from the court's denial of a motion for prejudgment interest.

The facts are these. In the spring of 1972, Mr. Lombardi, a "factory representative" for Intertherm, whose job it was "to set up distribution, set up retailers and create architectural specifications and as a whole to create a market for this particular product," delivered the heater to Pearson for use on a trial basis. Pearson used it without incident several times, turning it off each day when he left his office. One day he left without turning the heater off, and that night his building burned down. The fire was caused by an electric arc between two wires encased within the insulated cord which came attached to the heater. There was nothing visibly wrong with the cord and the product was used in a reasonable manner.

Intertherm argues that the jury could only speculate as to whether the product was defective when it left the hands of the manufacturer because there is no evidence of the date the heater was manufactured, what condition it was in when it left the factory, when it was given to Lombardi, or what Lombardi did with it before the delivery to Pearson. *Curtiss v. YMCA,* 82 Wn.2d 455, 511 P.2d 991 (1973). Circumstantial evidence may be used to prove that a product was defective when it left the manufacturer. *Bombardi v. Pochel's Appliance & TV Co.,* 10 Wn. App. 243, 518 P.2d 202 (1973). That the defective product is enclosed in some manner and thus not readily accessible to the user has been held to be circumstantial proof that the product was defective at the time of the sale. *Darryl v. Ford Motor Co.,* 440 S.W.2d 630 (Tex. 1969) (enclosed

braking system in truck); *Melody Home Mfg. Co. v. Morrison*, 468 S.W.2d 505 (Tex. Civ. App. 1971) (foreign substance in water system of mobile home). The following excerpt from *Bombardi v. Pochel's Appliance & TV Co.*, *supra* at 246–47 applies:

> [T]here are some accidents as to which there is common experience dictating that they do not ordinarily occur without a defect, and as to which the inference that a product is defective should be permitted. Particularly apposite to the instant situation is the opinion of the Oregon Supreme Court in *Heaton v. Ford Motor Co.*, 248 Ore. 467, 471, 435 P.2d 806 (1967). There the court discussed the requirement of proving that a product is dangerously defective as follows:
>
> > In the type of case in which there is no evidence, direct or circumstantial, available to prove exactly what sort of manufacturing flaw existed, or exactly how the design was deficient, the plaintiff may nonetheless be able to establish his right to recover, by proving that the product did not perform in keeping with the reasonable expectations of the user. When it is shown that a product failed to meet the reasonable expectations of the user the inference is that there was some sort of defect, a precise definition of which is unnecessary. If the product failed under conditions concerning which an average consumer of that product could have fairly definite expectations, then the jury would have a basis for making an informed judgment upon the existence of a defect.

(Footnote omitted.)

No evidence was presented of what, other than a manufacturing flaw, caused the cord to be defective. The Pearsons were not required to eliminate all other possible causes. *Kuster v. Gould Nat'l Batteries, Inc.*, 71 Wn.2d 474, 429 P.2d 220 (1967). The jury was justified in drawing the reasonable inference that the arc in the cord came about as a result of a manufacturing defect.

The next question is whether the court erred in denying the Pearsons prejudgment interest. The fire occurred on May 16, 1972. Some 18 months thereafter, the Pearsons filed their complaint, alleging property damage in the

amount of $50,000 and loss of profits and business reputation in an equal amount. On the first day of trial, the following transpired:

> MR. HART [counsel for Intertherm]: Excuse me, your Honor. If I may interpose. I believe, Mr. Gelfand, the damages are $51,000. I'll stipulate, your Honor.
>
> MR. GELFAND [counsel for the Pearsons]: Well, I must confess that I am taken back, your Honor, because I hadn't expected this and I must say I am relieved and I am glad the jury does not have to listen to the lengthy damage testimony.

The Pearsons contend that because of the stipulation and because Intertherm did not contest the claim other than by a general denial, they are entitled to interest from the date of the fire.

■ Prejudgment interest is allowed only when (1) an amount claimed is "liquidated" or (2) the amount of an "unliquidated" claim is for an amount due upon a specific contract for the payment of money and the amount due is determinable by computation with reference to a fixed standard contained in the contract, without reliance on opinion or discretion. *Prier v. Refrigeration Eng'r Co.,* 74 Wn.2d 25, 442 P.2d 621 (1968). The rationale for the rule is said to be that a person must know what sum he owes before he can be held in default for not paying. *Cox v. McLaughlin,* 76 Cal. 60, 18 P. 100 (1888). A stipulation as to damages at trial does not relate back and fix the amount as of the time the cause of action arose, *Hellbaum v. Burwell & Morford,* 1 Wn. App. 694, 463 P.2d 225 (1969), and, indeed, it should not. Stipulations are viewed by courts with favor, *Smyth Worldwide Movers, Inc. v. Whitney,* 6 Wn. App. 176, 491 P.2d 1356 (1971), and adoption of the rule advanced by the Pearsons would penalize stipulating parties by exposing them to the risk of prejudgment interest.

The judgment is affirmed.

FARRIS, C.J., and SWANSON, J., concur.

Petition for rehearing denied October 25, 1977.