■ BETHLEHEM STEEL CORPORATION et al., Plaintiffs, v YOUNGSTOWN CARTAGE COMPANY et al., Defendants. — In this controversy submitted on stipu-

lated facts (CPLR 3222), judgment is unanimously awarded to the plaintiffs in the sum of $218,979.50, with costs and disbursements. The defendant Youngstown Cartage transported steel beams manufactured by the plaintiff Bethlehem Steel to a construction site where, during unloading by Bethlehem, a beam fell, causing property damage, personal injuries and a death. Youngstown had agreed to indemnify and hold Bethlehem harmless for any liability in connection with the unloading, even were the fault that of Bethlehem. When Youngstown's insurer, the defendant St. Paul, took the position that the indemnification agreement was inapplicable to the accident, Bethlehem's insurer, the plaintiff Aetna, settled the accident claims after which the plaintiffs commenced an action against these defendants for reimbursement. A companion claim established that the defendants were obliged to indemnify the plaintiffs *(Cenven, Inc. v Bethlehem Steel Corp., 51 AD2d 955, affd 41 NY2d 842)*. In consequence summary judgment was granted to the plaintiffs by Justice Stecher for the principal amount of their settlement payments. The parties agreed that the defendants would pay interest from the date of the Stecher order to the date of the payment of the judgment and submit as a controversy on agreed facts whether the plaintiffs are entitled to recover interest from the dates of the settlement payments up to the Stecher order. It was agreed that this would amount to $218,979.50. The defendants deny this liability, arguing that the plaintiffs' right to indemnification would arise only upon a judgment after litigation. Alternatively, they argue that the plaintiffs should be estopped from an award of interest by their unreasonable delay in the commencement of their action against these defendants, or, at best, that interest should be payable only from the commencement of the suit. Since the plaintiffs' cause of action accrued upon the dates that they made payment *(Bay Ridge Air Rights v State of New York, 44 NY2d 49)*, and, because "Interest is the ordinary incident for the nonpayment of obligations *** The party not performing should not deprive the party not in fault of the use of his money without paying therefor" *(Preston Co. v Funkhouser, 261 NY 140, 144, 145, affd 290 US 163, citing Prager v New Jersey Fid. & Plate Glass Ins. Co., 245 NY 1;* see, also, CPLR 5001, subd [a]), it follows that prejudgment interest should accrue from the dates of payment by the plaintiffs and not from the commencement of their suit to recover indemnification (see CPLR 5001, subd [b]). We find no facts that would warrant a conclusion that the plaintiffs unreasonably neglected or delayed the commencement of this action. Rather, the defendants cannot avoid the fact that this action was necessitated by their failure to honor their obligation. Finally, the indemnity agreement did not limit Youngstown's liability to the payment of judgments after litigation; it agreed to hold Bethlehem harmless "for or on account of loss". (See, also, *Dunn v Uvalde Asphalt Paving Co., 175 NY 214; Feuer v Menkes Feuer, Inc., 8 AD2d 294)*. Concur — Murphy, P.J., Kupferman, Sandler, Lupiano and Lynch, JJ.