[No. 29414-8-I.   Division One.   May 24, 1993.]

KING COUNTY, *Respondent*, v. PUGET SOUND POWER & LIGHT COMPANY, *Appellant*.

*Charles C. Gordon, Nicholas P. Gellert,* and *Perkins Coie,* for appellant.

*Mark R. Johnsen* and *Karr Tuttle Campbell,* for respondent.

PEKELIS, A.C.J. — Puget Sound Power & Light Co. (Puget Power) appeals a final order adjudicating its rights against King County under a franchise indemnity clause. We affirm.

I

On December 25, 1984, John and Craig Learn were injured when their car left the road and collided with a Puget Power utility pole. In July 1986, the Learns filed suit against King County, alleging that King County was negligent in failing to erect curve warning signs and chevrons, failing to establish a lower speed limit, and for placement of a misleading "Stop Ahead sign." Puget Power was not joined as a defendant, and the Learns did not allege that the utility pole was negligently placed.

King County tendered the suit to Puget Power pursuant to a franchise agreement between the parties. Puget Power rejected the tender, refusing to defend or indemnify King County. King County settled the Learn lawsuit for $1,320,000 in August of 1989.

In November 1988 King County filed the present lawsuit against Puget Power. At trial, Puget Power stipulated to the settlement's reasonableness. The jury determined that King County and Puget Power had been negligent and had proximately caused the Learns' injuries; 30 percent of the negligence was attributed to Puget Power, 70 percent to King County. After the verdict, the court interpreted the indemnity agreement to require Puget Power to fully reimburse King County for the settlement and for costs incurred in defending the Learn lawsuit. The court also ordered Puget Power to pay prejudgment interest from the date of the settlement. Puget Power appeals.

II

In the published portion of this opinion, we address only Puget Power's contention that the trial court erred in awarding prejudgment interest.

■ In general, prejudgment interest may be awarded (1) when an amount claimed is liquidated, or (2) when the

amount of an unliquidated claim is for an amount due upon a specific contract for the payment of money and the amount due is determinable by computation with reference to a fixed standard contained in the contract, without reliance on opinion or discretion. *Hansen v. Rothaus*, 107 Wn.2d 468, 472, 730 P.2d 662 (1986); *Seattle v. Dyad Constr., Inc.*, 17 Wn. App. 501, 520, 565 P.2d 423 (1977), *review denied*, 91 Wn.2d 1007 (1978). A liquidated claim is a claim where the evidence furnishes data which, if believed, makes it possible to compute the amount with exactness, without reliance on opinion or discretion. *Prier v. Refrigeration Eng'g Co.*, 74 Wn.2d 25, 442 P.2d 621 (1968).

Puget Power argues that the amount sought by King County for its settlement with the Learns was unliquidated because the amount of damages the Learns were entitled to would have been subject to the exercise of discretion by the trier of fact, and because King County's settlement was recoverable only if reasonable in amount.[1] Puget Power relies on the Supreme Court's decision in *Hansen v. Rothaus, supra.*

In *Hansen*, a vessel owner sued an insurance broker for negligent failure to procure insurance. The vessel owner had settled a seaman's maintenance and cure claim that allegedly should have been insured. In turn, the vessel owner sought damages from the broker.[2] The parties settled the claim, except for the issue of the vessel owner's entitlement to prejudgment interest on the agreed damages. First, the court noted that the seaman's underlying maintenance and cure claims were unliquidated because maintenance and cure awards are determined by the court in its discretion. Accordingly, the court held that the amount of damages sought by the vessel owner from the broker was unliquidated because it would be recoverable "only if reasonable in amount." 107 Wn.2d at 477.

---

[1]Puget Power, in fact, stipulated to the reasonableness of the settlement.

[2]The *Hansen* opinion involved seven distinct claims, only one of which is pertinent to the issue before us.

■ We do not believe that the holding in *Hansen* applies in the context of a contractual indemnity award. The general indemnity rule is that interest is a "necessary part" of the damages an indemnitee may recover against an indemnitor. 41 Am. Jur. 2d *Indemnity* § 36 (1968); *National Bank v. Aetna Cas. & Sur. Co.*, 161 Wash. 239, 250, 296 P. 831 (1931). Moreover, it is widely acknowledged that "a settlement made in an underlying civil action represents a liquidated amount with regard to the subsequent indemnity claim". *Valloric v. Dravo Corp.*, 178 W. Va. 14, 22, 357 S.E.2d 207, 215-16 (1987) (citing *Price v. Amoco Oil Co.*, 524 F. Supp. 364, 372 (S.D. Ind. 1981); *Northwestern Eng'g Co. v. Thunderbolt Enters., Inc.*, 301 N.W.2d 421, 423 (S.D. 1981)). The obligation to reimburse the indemnitee attaches the moment the indemnitee makes the payment that the indemnitor was obligated under its agreement to make, and, the amount of that payment being certain, interest commences to run from that date. *Oil Base, Inc. v. Transport Indem. Co.*, 148 Cal. App. 2d 490, 306 P.2d 924 (1957); *see also Bethlehem Steel Corp. v. Youngstown Cartage Co.*, 79 A.D.2d 902, 903, 434 N.Y.S.2d 241, 242 (1981).

■ In this case, the moment King County settled the underlying litigation with the Learns, Puget Power could readily ascertain the actual amount expended by King County and, therefore, the exact amount of indemnity claimed by King County. Although the Learns' negligence claim may have been unliquidated, the character of the underlying claim does not negate the fact that the amount sought by King County as indemnity was liquidated.

■ Furthermore, even though Puget Power *could have* challenged the amount of King County's settlement with the Learns, this does not change the character of King County's *claim* from liquidated to unliquidated. The Supreme Court noted in *Prier* that a claim for a definite sum due to the plaintiff is still liquidated

> although the facts upon which the claim is based may be disputed, and even though the adversary successfully challenges the amount and succeeds in reducing it.

> . . . *In short, it is the character of the claim and not of the defense that is determinative of the question whether an amount of money sued for is a "liquidated sum."*

74 Wn.2d at 33 (quoting C. McCormick, *Damages* § 54 (1935)); *cf. Trustees of University of Pa. v. Lexington Ins. Co.*, 815 F.2d 890, 908 (3d Cir. 1987) (fact that insurer disputes reasonableness of insured's settlement with third party does not excuse it from obligation to pay prejudgment interest).

Moreover, Puget Power did *not* contest the reasonableness of the amount sought by King County. Under these circumstances, it certainly cannot be said that the indemnity claim was unliquidated. *See Underwriters Subscribing to Lloyd's Ins. Cert. 80520 v. Magi, Inc.*, 790 F. Supp. 1043, 1057 (E.D. Wash. 1991) (where insurer did not dispute proof of loss submitted by insured, but denied coverage under the terms of the policy, claim was liquidated because recourse to the proof of loss allowed computation of claim without reliance on opinion or discretion). Accordingly, we hold that the trial court's award of prejudgment interest was proper.

Affirmed.

Puget Power has also assigned error to the interpretation of the indemnity clause, as well as to several jury instructions and the admission of evidence of subsequent remedial measures. However, the panel has determined that the disposition of these assignments of error has no precedential value. Thus, the balance of this opinion will not be published, but it has been filed as a public record. See RCW 2.06.040.

KENNEDY, J., concurs.

Review denied at 122 Wn.2d 1017 (1993).