[No. 38129-6-I.   Division One.   December 18, 1997.]

MARY JANE DAUTEL, *Appellant*, v. HERITAGE HOME CENTER, INC., ET AL., *Respondents*.

*Paul R. Cressman, David E. Breskin,* and *Claudia L. Crawford* of *Short & Cressman*; and *Lee Kraft*, for appellant.

*W. Mitchell Cogdill* of *Cogdill & Carter*, for respondents.

BAKER, C.J. — Entitlement to an award of attorney fees under RCW 49.48.030 in an employee's action for wages or salary owed is based on comparison of the amount recovered and the amount the employer may have admitted to owing. Under the statute, an employee is entitled to an award of attorney fees if the amount of recovery is greater than the amount the employer admitted to owing. We hold that under the plain language of the statute, Mary Jane Dautel is entitled to an award of attorney fees against her former employer, Heritage Home Center. Because the trial court denied an award on that portion of Dautel's successful recovery that Heritage stipulated to owing, we reverse.

We also hold that because the trial court could determine

the amounts owed to Dautel without exercising any discretion, but rather based on objective data and calculation, Dautel's claims were liquidated. The trial court, therefore, erred by failing to award Dautel prejudgment interest. We remand to the trial court for calculation of reasonable attorney fees and prejudgment interest on Dautel's successful recovery of sums owed to her by Heritage.

## FACTS

Dautel was employed by Heritage as an inside sales person. She was paid on a commission and draw basis. In certain months, Dautel was paid an hourly wage that fell short of the state minimum wage. This was due to carelessness and unawareness of retroactive crediting prohibitions of the Department of Labor and Industries (L&I), and not a willful violation of the law.

Dautel brought suit against Heritage for unpaid wages and commissions. On the first day of trial the parties stipulated that for purposes of RCW 49.48.030, approximately $9,700 was owed to Dautel for minimum wages due, and approximately $1,700 was owing in commissions. After hearing the evidence, the trial court found that Dautel was owed a 20 percent commission on two disputed transactions rather than the 10 percent commission Heritage admitted to owing.

The court awarded Dautel the following sums: (1) $9,776.01 in wages due, as stipulated to by Heritage, (2) $3,741.16 in commissions due, approximately $1,700 of which was stipulated to by Heritage, (3) $2,450 attorney fees incident to the recovery of the portion of commissions that was disputed, that is, not admitted to and/or tendered, (4) statutory fees and costs, and (5) post-judgment interest. Dautel's additional claims for intentional infliction of emotional distress, wrongful termination and constructive

discharge were dismissed with prejudice, and are not at issue in this appeal.

## I

The trial court determined that Dautel was not entitled to attorney fees for the amounts stipulated to by the parties on the first day of trial. Under RCW 49.48.030:

> In any action in which any person is successful in recovering judgment for wages or salary owed to him, reasonable attorney's fees, in an amount to be determined by the court, shall be assessed against said employer or former employer: PROVIDED, HOWEVER, That this section shall not apply if the amount of recovery is less than or equal to the amount admitted by the employer to be owing for said wages or salary.

▇▇▇ RCW 49.48.030 is a remedial statute entitled to liberal construction to effect its purpose.[1] Liberal construction requires that any statutory exceptions be narrowly confined.[2] Statutory construction involves questions of law that we review de novo.[3]

▇▇ ▇▇ The purpose of statutory construction is to give both content and force to the language used by the Legislature.[4] Under the plain language of the proviso, Dautel is entitled to an award of attorney fees unless the amount recovered is less than or equal to the amount that

---

[1]*See Hitter v. Bellevue Sch. Dist. No. 405*, 66 Wn. App. 391, 397, 832 P.2d 130 (holding that RCW 49.48 applies to arbitration awards) (quoting *Naches Valley Sch. Dist. No. JT3 v. Cruzen*, 54 Wn. App. 388, 399, 775 P.2d 960 (1989)), *review denied*, 120 Wn.2d 1013 (1992). Commissions are considered to be wages or salary under this statute. *See Hayes v. Trulock*, 51 Wn. App. 795, 806, 755 P.2d 830 ("wage" means compensation due to an employee by reason of employment) (citing RCW 49.46.010(2)) (holding that definition includes back and front pay awards), *review denied*, 111 Wn.2d 1015 (1988).

[2]*Mead Sch. Dist. No. 354 v. Mead Educ. Ass'n*, 85 Wn.2d 140, 145, 530 P.2d 302 (1975).

[3]*Rismon v. State*, 75 Wn. App. 289, 291, 877 P.2d 697 (1994) (citing *State v. Joswick*, 71 Wn. App. 311, 315, 858 P.2d 280 (1993)).

[4]*State v. Wilson*, 125 Wn.2d 212, 216, 883 P.2d 320 (1994) (citing *In re Personal Restraint of Williams*, 121 Wn.2d 655, 663, 853 P.2d 444 (1993)).

Heritage admitted owing.[5] The amount recovered by Dautel was greater than the amount Heritage stipulated to owing. Therefore, the proviso does not apply to Dautel's action for recovery of wages or salary owed, and the trial court had no discretion to rule otherwise.[6] The trial court erred by concluding that the proviso applied to disallow an award of attorney fees on a portion of the amount recovered. Under RCW 49.48.030, Dautel is entitled to an award of reasonable attorney fees on the full amount recovered.[7]

■ Because Dautel was entitled to an award of attorney fees under RCW 49.48.030, the trial court should have examined the facts of the case and exercised its discretion to determine an appropriate award. Therefore, we remand to the trial court for calculation of a reasonable award of attorney fees based on Dautel's successful judgment against Heritage.[8]

## II

■ Washington law has historically treated prejudgment interest as a matter of right when a claim is liquidated.[9] A liquidated claim is one " 'where the evidence furnishes data which, if believed, makes it possible to compute the amount with exactness, without reliance on opinion or discretion.' "[10] If the fact finder must exercise discretion to determine the amount of damages, the claim

---

[5]RCW 49.48.030.

[6]*See Wilson*, 125 Wn.2d at 217 (plain language of a statute does not require construction) (citing *State v. Thornton*, 119 Wn.2d 578, 580, 835 P.2d 216 (1992)).

[7]*See Hanson v. City of Tacoma*, 105 Wn.2d 864, 872, 719 P.2d 104 (1986) ("RCW 49.48.030 provides reasonable attorney fees *in any action* in which a person is successful in recovering judgment for wages or salary owed.").

[8]Our holding is based on RCW 49.48.030, and we do not address Dautel's arguments regarding application of the attorney fees provision of Washington's Minimum Wage Act, RCW 49.46.090(1).

[9]*See Colonial Imports v. Carlton NW, Inc.*, 83 Wn. App. 229, 245, 921 P.2d 575 (1996).

[10]*Car Wash Enters., Inc. v. Kampanos*, 74 Wn. App. 537, 548-49, 874 P.2d 868 (1994) (quoting *King County v. Puget Sound Power & Light Co.*, 70 Wn. App. 58,

is unliquidated.[11] The fact that a dispute exists over all or part of a claim does not make the claim unliquidated.[12]

An award of prejudgment interest is based on the principle that when a defendant retains money that is owed to another, he should be charged interest upon it.[13] Nevertheless, a defendant is not required to pay prejudgment interest in cases where it is not possible to ascertain the amount owed to the plaintiff until the court has exercised its discretion in determining that amount.[14] The amount owed must be ascertainable without the aid of a discretionary court ruling concerning the amount due before the obligor can be liable for prejudgment interest.[15]

Dautel challenges the trial court's failure to award her prejudgment interest, claiming that by admitting to a certain sum, Heritage subjected itself to an award of prejudgment interest. Dautel in effect asks us to rule that if an employer admits owing a certain sum to an employee, the employer is automatically subject to an award of prejudgment interest. We disagree. The fact that the parties stipulated to a portion of the amount owing does not by itself render that amount liquidated. We must look beyond the stipulation, and examine Dautel's claims to determine whether they were liquidated or unliquidated.

The trial court found that failure to pay Dautel minimum wages was due to the retroactive crediting prohibitions of L&I, and that L&I had not provided Heri-

61, 852 P.2d 313 (citing *Prier v. Refrigeration Eng'g Co.*, 74 Wn.2d 25, 32, 442 P.2d 621 (1968)), *review denied*, 122 Wn.2d 1017 (1993)).

[11]*Kampanos*, 74 Wn. App. at 549 (citing *Aker Verdal A/S v. Neil F. Lampson, Inc.*, 65 Wn. App. 177, 191, 828 P.2d 610 (1992)).

[12]*Aker*, 65 Wn. App. at 190 (quoting *Miller v. Badgley*, 51 Wn. App. 285, 296, 753 P.2d 530, *review denied*, 111 Wn.2d 1007 (1988)).

[13]*Hansen v. Rothaus*, 107 Wn.2d 468, 473, 730 P.2d 662 (1986) (quoting *Prier*, 74 Wn.2d at 34).

[14]*Hansen*, 107 Wn.2d at 473 (citing *Prier*, 74 Wn.2d at 34).

[15]*See Pearson Constr. Corp. v. Intertherm, Inc.*, 18 Wn. App. 17, 20, 566 P.2d 575 (1977) (a person must know what sum he owes before he can be held in default for not paying).

tage any written materials indicating the proper methodology for avoiding improper deductions. However, computation of the amount owed to Dautel was possible based on objective data regarding the hours worked, gross pay, amount and date of draws paid to Dautel, and the amount and date the draws were deducted from Dautel's pay. It does not appear that the parties disputed these amounts, nor does the evidence show that it was impossible for an employer to obtain the necessary information to correctly compute and pay amounts owing to its employees.

Regarding the claim for unpaid commissions, the dispute between the parties related to the proper percentage Dautel was entitled to be paid. The amount actually owing could be computed with exactness once the trial court determined that Dautel was entitled to her full commission rate of 20 percent. Therefore, the amount was a liquidated sum.[16]

The trial court was able to enter the judgment without any exercise of discretion or opinion regarding the amount due. Because the amounts owed to Dautel could be determined exactly, without reliance on opinion or discretion, the claims were liquidated, and thus an award of prejudgment interest is proper.[17]

██ Dautel is entitled to an award of prejudgment interest on the entire amount of her successful recovery of wages and commissions owed. Because prejudgment interest may be awarded from the payment due date, a factual determination that must be made by the trial court, we remand to the trial court to correct the judgment and add prejudgment interest.[18]

---

[16]*See Kampanos*, 74 Wn. App. at 548-49 (definition of a liquidated claim).

[17]*See Public Util. Dist. No. 1 v. International Ins. Co.*, 124 Wn.2d 789, 810, 881 P.2d 1020 (1994).

[18]*See CKP, Inc. v. GRS Constr. Co.*, 63 Wn. App. 601, 618, 821 P.2d 63 (1991) (prejudgment interest may be awarded from payment due date) (citing *Prier*, 74 Wn.2d at 34-35), *review denied*, 120 Wn.2d 1010 (1992); *Ernst Home Ctr., Inc. v. Sato*, 80 Wn. App. 473, 491, 910 P.2d 486 (1996) (remanding for entry of modified judgment granting prejudgment interest); *Maryhill Museum v. Emil's Concrete*

We remand to the trial court for calculation of a reasonable award of attorney fees based on Dautel's successful judgment against Heritage. Because we hold that Dautel's claims were liquidated, we further direct the trial court to correct the judgment to add an appropriate amount of prejudgment interest. We award Dautel reasonable attorney fees for this appeal, to be determined by the trial court on remand.[19]

Reversed.

COLEMAN and BECKER, JJ., concur.

*Constr. Co.*, 50 Wn. App. 895, 902, 751 P.2d 866 (remanding to trial court to make factual determination regarding the computation of damages), *review denied*, 111 Wn.2d 1009 (1988).

[19]*See Abels v. Snohomish County Pub. Util. Dist. No. 1*, 69 Wn. App. 542, 558, 849 P.2d 1258 (because plaintiff entitled to attorney fees below, plaintiff also entitled to reasonable attorney fees on appeal), *review denied*, 122 Wn.2d 1024 (1993).