**PUGET SOUND ENERGY, INC.,**
Plaintiff–Appellee/Cross–
Appellant,

v.

**UTILITY PARTNERS, L.C. & Utility
Partners, Inc., Defendants–Ap-
pellants/Cross–Appellees.**

Nos. 99–35725, 99–35741, 99–36021.
D.C. No. CV 97–994–WLD.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 5, 2001.

Decided April 27, 2001.

Before WOOD, Jr.,* TROTT, and
PAEZ, Circuit Judges.

* The Honorable Harlington Wood, Jr., United States Circuit Judge for the Seventh Circuit, sitting by designation.

## MEMORANDUM **

This breach of contract suit arises out of a software license agreement between Puget Sound Energy, Inc. ("PSE") and Utility Partners, L.C. and Utility Partners, Inc. (collectively "UP"). Following a six-day bench trial, on June 2, 1999, the district court issued its Findings of Fact and Conclusions of Law, granting judgment in favor of PSE in the amount of $860,000. The district court denied PSE's request for prejudgment interest on that amount. In appeal number 99–35725, UP appeals the court's ruling in favor of PSE. PSE has filed a cross-appeal, case number 99–35741, challenging the district court's denial of prejudgment interest. On September 7, 1999, the district court filed a Supplemental Judgment, awarding PSE $345,169.05 in attorney's fees, costs, and expenses. UP appeals this fee award in appeal number 99–36021. Additionally, PSE has filed a motion seeking sanctions pursuant to Fed. R.App. P. 38.

## A. No. 99–35725

■ Following a bench trial, we review the district court's findings of fact for clear error and its conclusions of law *de novo*. *Saltarelli v. The Bob Baker Group Med. Trust*, 35 F.3d 382, 384–85 (9th Cir. 1994). UP asserts that the district court erred (1) in reviewing the program manager's determinations only for reasonableness and (2) by giving an overly broad interpretation to a stipulation made in open court by counsel for UP. UP's claims of error fail because they do not take into account the district court's alternative holdings which support the judgment in favor of PSE. UP ignores the district court's alternative finding that, independent of any decisions made by the program manager, UP breached the contract and

PSE was therefore entitled to damages. Similarly, the district court made an independent factual finding as to the substance of the challenged stipulation. We affirm the district court's well-reasoned and fully supported judgment in favor of PSE.

## B. No. 99–35741

■ Washington law controls the award or denial of prejudgment interest in this case. *See Safeway Stores, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 64 F.3d 1282, 1290 (9th Cir.1995). Under Washington law, prejudgment interest is appropriate

(1) when an amount is "liquidated" or (2) when the amount of an "unliquidated" claim is for an amount due upon a specific contract for the payment of money and the amount due is determinable by computation with reference to a fixed standard contained in the contract, without reliance on opinion or discretion.

*Prier v. Refrigeration Eng'g Co.*, 74 Wash.2d 25, 442 P.2d 621, 625–26 (1968).

■ In order to resolve the dispute over the amount of damages in the present case, the district court was forced to choose between two damage clauses. Once the court determined which clause applied, the amount of damages could be calculated based on a fixed standard without the need for an exercise of discretion by the district judge. The damages were liquidated under Washington law, and prejudgment interest is appropriate. *See Dautel v. Heritage Home Center, Inc.*, 89 Wash.App. 148, 948 P.2d 397, 401 (Wash. Ct.App.1997) (holding that an award was liquidated despite the fact that the trial court had to resolve a dispute as to the proper percentage rate of commission to apply); *Taylor v. Shigaki*, 84 Wash.App.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

723, 930 P.2d 340, 345 (Wash.Ct.App.1997) (awarding prejudgment interest in case in which trial court had to determine which payment clause, one providing for an hourly rate or another which allowed for a contingency fee, to apply). Therefore, the district court's decision regarding prejudgment interest is reversed. Because UP does not contest the amount of interest proposed by PSE, $202,724.37, we remand the matter to the district court to enter judgment in favor of PSE in this amount on the prejudgment interest issue.

C. No. 99–36021

UP does not challenge either the district court's determination that, under the contract, the prevailing party is entitled to attorney's fees or the amount of fees awarded by the district court. Therefore, because, as discussed above, the district court correctly granted judgment in favor of PSE, the district court's fee award is affirmed.

D. Rule 38 Sanctions

PSE's motion for Rule 38 sanctions is denied. Under the Agreement, however, PSE, as the prevailing party, is entitled to reasonable attorney's fees as well as its costs and expenses on appeal. We will leave it up to the district court on remand to calculate the amount of this award.

AFFIRMED IN PART; REVERSED IN PART; and REMANDED to the district court for further proceedings. PSE's motion for sanctions is DENIED.