Ritch COLDIRON, Plaintiff—Appellant,

v.

CASTEEL, INC., dba Canal Automotive, et al., Defendants—Appellees.

No. 01–35745.

D.C. No. CV–00–00636–TSZ.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 6, 2002.

Decided Aug. 26, 2002.

Before HAWKINS and GOULD, Circuit Judges, and WARE,* District Judge.

* Honorable James Ware, United States District Judge for the Northern District of California, sitting by designation.

MEMORANDUM **

Appellant Rich Coldiron ("Coldiron") appeals the district court's denial of attorney's fees in an action alleging breach of contract, and seeking unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, and Wash. Rev.Code § 49.46.130. We have jurisdiction under 28 U.S.C. § 1291, and review an award of attorney's fees for an abuse of discretion. *See Haworth v. Nevada,* 56 F.3d 1048, 1051 (9th Cir.1995).

Coldiron worked for appellee Casteel, Inc. d/b/a Canal Automotive ("Canal") in Belfair, Washington, as a car mechanic from April 12, 1997, until the initiation of the underlying suit exactly three years later. Coldiron's federal and state overtime wage claims alleged that Canal's failure to pay was willful within the meaning of the FLSA, 29 U.S.C. §§ 255, 259, and Wash. Rev.Code § 49.52.050. The complaint requested costs and reasonable attorney's fees under the FLSA, 29 U.S.C. § 216, and under Wash. Rev.Code § 49.52.070, both of which require showings of willful failure to pay wages for an award of fees. Coldiron's complaint did not request fees under two other state statutory fee provisions that did not require a willfulness showing, *see* Wash. Rev. Code §§ 49.48.030, 49.46.090, and did not include a general prayer for relief.

The court granted summary judgment in favor of Coldiron on the state unpaid wages claim. During the subsequent bench trial, the court dismissed the FLSA and breach of contract claims and all allegations of willful failure to pay wages, and awarded Coldiron unpaid overtime wages under § 49.46.130 in the amount of $2,236.31 plus interest. The court did not award costs or attorney's fees.

Coldiron again sought a fee award in a timely Rule 59(e) motion to amend judgment, specifically relying on Wash. Rev. Code §§ 49.48.030, 49.46.090. The court denied the motion.

Neither the minutes of the bench trial, the court's judgment, nor the court's denial of the Rule 59 motion indicate whether the district court denied Coldiron's application for attorney's fees on the merits or whether Wash. Rev.Code §§ 49.48.030, 49.46.090 was even considered. We read the first to require consideration of the fee issue. *See* Wash. Rev.Code 49.48.030 (providing that "reasonable attorney fees, in an amount to be determined by the court *shall* be assessed") (emphasis added). *See also Dautel v. Heritage Home, Inc.,* 89 Wash.App. 148, 153, 948 P.2d 397 (Wash. Ct.App.1997) ("Because [plaintiff] was entitled to an award or attorney fees under Wash. Rev.Code § 49.48.030, the trial court should have examined the facts of the case and exercised its discretion to determine an appropriate award"). We read the second to at least provide the court with discretion to award attorney's fees. *See* Wash. Rev.Code § 49.48.090 (providing "for costs and such reasonable attorney's fees *as may be allowed* by the court") (emphasis added). Noting also the requirements of Fed.R.Civ.P. 8(f) ("all pleadings shall be so construed as to do substantial justice") and Fed.R.Civ.P. 54(c) ("Every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings"), we remand to the district court for an explanation of the action taken with respect to the fee application. The district court may have concluded that plaintiff was not entitled to fees at all or that there was some defect in the nature of

the fee application; we simply cannot discern that from this record.

**REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.