FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2018 MAR 12 AM 7: 58

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| MARK G. OLSON, | ) | No. 75945-1-I |
| Appellant, | ) ) ) | DIVISION ONE |
| v. | ) ) | UNPUBLISHED OPINION |
| WILLIAMS LAW OFFICES, PLLC, and JOHN M. WILLIAMS, individually, | ) ) ) | |
| Respondents. | ) ) | FILED: March 12, 2018 |

TRICKEY, A.C.J. — Attorney Mark Olson and Williams Law Offices, PLLC broke the lease for their shared office space. The landlord sued them for breach of contract. Williams Law Offices settled with the landlord prior to trial. Olson litigated the case through trial but settled before judgment was entered.

Olson sued Williams Law Offices for contribution to recoup half of the settlement he negotiated with the landlord. The trial court determined that Williams Law Offices was liable for contribution on the settlement with the landlord. The court denied Olson's request for prejudgment interest and attorney fees resulting from the case between Olson and Williams Law Offices.

Olson appeals the trial court's denial of his requested attorney fees and prejudgment interest. We remand to the trial court to award prejudgment interest to Olson, and to determine the prevailing party and award reasonable attorney fees as appropriate.

## FACTS

Olson leased office space for his law practice from Skotdal Brothers, LLC (Skotdal) beginning January 1, 2006. In April 2009, Olson signed a lease amendment and renewal for the office space for the term January 1, 2010 to December 31, 2012. At that time, Williams Law Offices, PLLC was added to the lease as an additional lessee. John Williams signed the lease as the representative of Williams Law Offices, PLLC, rather than as an individual.

In March 2010, Olson and Williams Law Offices signed a second lease amendment and renewal for the term January 1, 2013 to December 31, 2014. Olson and Williams Law Offices were identified jointly as "Lessee" in the second lease amendment and renewal.

Olson and Williams Law Offices vacated the leased office space on or before December 31, 2012. Skotdal sued Olson and Williams Law Offices for breach of contract. Williams Law Offices settled with Skotdal shortly before trial. Skotdal accepted payment of $24,000 as full satisfaction of Williams Law Offices' obligation, but Williams Law Offices was not released from the lawsuit. Olson was informed of this settlement on the morning of June 18, 2014, the first day of trial. After the trial court issued findings of fact and conclusions of law but before a decision was issued, Olson and Skotdal entered into a settlement agreement for $166,155.

In January 2015, Olson sued Williams and Williams Law Offices for contribution, requesting repayment of 50 percent of his settlement with Skotdal. The trial court found that Williams was not personally liable because he had not

undermined the corporate integrity of Williams Law Offices. A separate judgment was entered in favor of Williams and dismissed with prejudice the individual claim against him. The trial court determined that Williams Law Offices owed Olson $41,850 for the unpaid rent portion of the settlement with Skotdal. The trial court also calculated that Williams Law Offices owed Olson half of the prejudgment interest at $5,022 and $13,001.80 for half of the attorney fees accrued through trial with Skotdal.[1] The trial court denied Olson's request for attorney fees and costs incurred in his suit with Williams Law Offices, concluding that he was not entitled to such fees under the lease agreement or in equity. As a result, the trial court awarded Olson a total judgment of $59,873.80.

Olson filed a motion for reconsideration challenging the calculation of the attorney fees apportioned to Williams Law Offices from the Skotdal suit. Olson also requested prejudgment interest and attorney fees for his suit against Williams Law Offices. The trial court granted this motion for reconsideration in part, and increased the amount that Williams Law Offices owed to Olson for attorney fees in the Skotdal suit to $19,502.70. The trial court declined to award attorney fees or prejudgment interest accrued in the suit with Williams Law Offices. The trial court entered an amended judgment of $66,374.70 for Williams Law Offices' portion of the Skotdal settlement.

Olson appeals the trial court's denial of his request for attorney fees and prejudgment interest in his suit with Williams Law Offices.

---

[1] The trial court determined that Williams Law Offices was not liable for the attorney fees from the long posttrial litigation by Olson in the underlying suit with Skotdal.

## ANALYSIS

### Attorney Fees and Costs

Olson contends that he is entitled to his attorney fees incurred in the suit with Williams Law Offices under the lease and RCW 4.84.330. Williams Law Offices argues that the attorney fee provision in the lease applied to the case between Olson and Skotdal but does not apply to the case at hand. We disagree, because the language of the lease provision is broad enough to encompass this suit between lessees.

In Washington, a prevailing party may recover attorney fees only if authorized by private agreement, statute, or recognized ground in equity. 4518 S. 256th, LLC v. Karen L. Gibbon, P.S., 195 Wn. App. 423, 446, 382 P.3d 1 (2016), review denied, 187 Wn.2d 1003, 386 P.3d 1084 (2017). When a contract or lease specifically provides for the recovery of attorney fees and costs incurred while enforcing its provisions, the prevailing party is entitled to reasonable attorney fees and costs. RCW 4.84.330. RCW 4.84.330 applies if the contract containing the attorney fee provision is central to the controversy. 4518 S. 256th, 195 Wn. App. at 446.

The award of attorney fees and costs is mandatory under RCW 4.84.330, with discretion only as to the amount. Singleton v. Frost, 108 Wn.2d 723, 729, 742 P.2d 1224 (1987). "Whether a party is entitled to attorney fees is an issue of law which is reviewed de novo." Ethridge v. Hwang, 105 Wn. App. 447, 460, 20 P.3d 958 (2001).

Here, the original lease, signed by Olson and incorporated in the subsequent renewals signed by both Olson and Williams Law Offices, included a provision for attorney fees. The provision stated, "If by reason of any default or breach hereunder by Lessor or Lessee, it becomes necessary to institute suit, the prevailing party in such suit shall be entitled to recover, as part of any judgment, such amount as the court shall determine reasonable as attorney's fees, together with taxable costs."[2] According to this lease provision, recovery of reasonable attorney fees was triggered by a lawsuit necessitated by a breach or default from either the lessor or lessee. The provision did not specify that a lawsuit must be between lessor and lessee. The provision only required a lawsuit necessitated by breach or default by a party to the lease.

Olson and Williams Law Offices were both lessees in breach of their lease and subject to a lawsuit with Skotdal for that breach. A second lawsuit followed, this time between the two lessees, which was required to apportion the settlement resulting from breach of the lease. Williams Law Offices and Olson were both parties to the lease and the lawsuit between them was necessary to resolve financial liability arising from breach of that lease. As a result, the requirements of the provision were met.

While not the usual case of a lawsuit between lessor and lessee, the suit between Olson and Williams Law Offices fit within the broad parameters of this fee provision. Therefore, the prevailing party in this suit is entitled to attorney fees.

---

[2] Clerk's Papers (CP) at 90.

The trial court must determine the prevailing party. "[A] prevailing party is the party in whose favor final judgment is rendered. If neither party wholly prevails then the party who substantially prevails is the prevailing party. . . . If both parties prevail on major issues, it is appropriate to let each bear their own costs and fees." Transpac Dev., Inc. v. Oh, 132 Wn. App. 212, 217, 130 P.3d 892 (2006). While Olson prevailed on the contribution claim against Williams Law Offices, his individual claim against Williams was dismissed with prejudice. Both Williams and Olson have prevailed on aspects of this lawsuit. The trial court must determine the prevailing or substantially prevailing party. As a result, we remand the case to calculate and award reasonable attorney fees and costs as appropriate.

### Prejudgment Interest

Olson argues that he is entitled to prejudgment interest on the judgment awarded to him against Williams Law Offices.[3] We agree that the trial court erred by denying interest on the judgment.

"An award of prejudgment interest is based on the principle that when a defendant retains money that is owed to another, he should be charged interest upon it." Dautel v. Heritage Home Ctr., Inc., 89 Wn. App. 148, 154, 948 P.2d 397 (1997). Prejudgment interest is ordinarily a matter of right when a claim is

---

[3] In response to this claim, Williams Law Offices argues that the issue of prejudgment interest was not properly designated for appeal under RAP 5.3(a) because Olson designated the second amended judgment "denying an award of reasonable attorneys fees and costs in this action" as the order on appeal. Resp't Br. at 4; CP at 5. Although Olson specified the denial of attorney fees, the notice of appeal designated the order that included the award of $0 in judgment interest. The Rules of Appellate Procedure are liberally interpreted to promote justice and facilitate the decision of cases on the merits, therefore, we exercise our discretion to review the prejudgment interest issue. See RAP 1.2(a); Knox v. Microsoft Corp., 92 Wn. App. 204, 213, 962 P.2d 839 (1998).

liquidated. Colonial Imports v. Carlton Nw., Inc., 83 Wn. App. 229, 245, 921 P.2d 575 (1996). A liquidated claim is one where the evidence in the record allows for exact computation of the recovery amount. Dautel, 89 Wn. App. at 153-54. Because trial courts retain some discretion to disallow prejudgment interest when unreasonable delay in completing litigation is attributable to the claimant, we review the trial court's denial of prejudgment interest for abuse of discretion. See Colonial Imports, 83 Wn. App. at 242-45.

In this case, the trial court established the amount that Williams Law Offices owed to Olson with exactness based on the evidence provided. As a result, the judgment is liquidated and prejudgment interest is a matter of right absent evidence of unreasonable delay.

The trial court's order on reconsideration did not provide supporting reasons for denying Olson's request for prejudgment interest on his liquidated claim. Without evidence of unreasonable delay by Olson, the trial court abused its discretion by denying his request for prejudgment interest. Therefore, we remand for award of prejudgment interest on Olson's judgment against Williams Law Offices.

### Attorney Fees on Appeal

Olson requests his reasonable attorney fees as the prevailing party on appeal under the lease and RCW 4.84.330. "'[A] contractual provision for an award of attorney fees at trial supports an award of attorney fees on appeal.'" IBF, LLC v. Heuft, 141 Wn. App. 624, 639, 174 P.3d 95 (2007) (quoting Reeves v. McClain, 56 Wn. App. 301, 311, 783 P.2d 606 (1989)). Because we agree that the trial court

erroneously concluded that prejudgment interest and attorney fees were not available, Olson is the prevailing party in this appeal. See IBF, 141 Wn. App. at 638-39. Therefore, Olson is entitled to his reasonable appellate attorney fees and costs.

We remand to the trial court to award prejudgment interest to Olson, and to determine the prevailing party and award reasonable attorney fees as appropriate.

Trickey, ACJ

WE CONCUR:

Becker, J.