[No. 52184–1.   En Banc.   May 15, 1986.]

ROGER L. HANSON, ET AL, *Respondents,* v. THE CITY OF TACOMA, *Appellant.*

THE CITY OF TACOMA, *Appellant,* v. THE CIVIL SERVICE BOARD OF THE CITY OF TACOMA, ET AL, *Respondents.*

*Robert J. Backstein, City Attorney,* and *Mark L. Bube-nik, William J. Barker,* and *G. S. Karavitis, Assistants,* for appellant.

*Kane, Vandeberg, Hartinger & Walker,* by *Clifford D. Foster, Jr.,* for respondents.

DOLLIVER, C.J.—Roger L. Hanson is a civil service employee of the City of Tacoma working for the Department of Public Utilities, Belt Line Division. During 1983, the City of Tacoma imposed the following suspension actions against him from his position as yardmaster:

A. January 18, 1983. A 25–workday suspension which was served during calendar year 1983 from January 1, 1983 to January 19, 1983. During this period Hanson was allowed to work as a switchman, a lower paying classification.

B. January 18, 1983. A 3–day workday suspension served January 20, 1983 through January 24, 1983.

C. February 24, 1983. A 10–day workday suspension served February 28, 1983 through March 13, 1983.

D. March 4, 1983. A 30–workday suspension served during the time period of February 10, 1983 through February 27, 1983 and March 14, 1983 through April 10, 1983. During this suspension, Hanson was allowed to work as a switchman, a lower job classification, from February 10, 1983, through February 27, 1983.

E. June 3, 1983. A 5–workday suspension served June 4, 1983 through June 12, 1983.

Hanson does not challenge the merit of the suspensions. He appealed them to the City of Tacoma Civil Service Board on the grounds they violated former Tacoma Municipal Code Personnel Rule 1.24.930, which prohibited an employer from issuing cumulative suspensions of a civil service employee which exceeded 30 calendar days in 1 calendar year. Personnel Rule 1.24.930 provided:

The appointing authority may suspend a permanent employee without pay for disciplinary reasons including but not limited to those set forth in Rule 1.24.940. Such suspensions shall not exceed thirty calendar days in any one calendar year and may be subject to review and recommendation to the proper officials by the Civil Service Board. All suspensions shall be subject to review by the City Manager or the Director of Utilities, as the case may be, and shall require his/her approval. A written statement of the reason for the suspension shall be submitted to the Personnel Director and to the employee affected in each case, within five working days of the time the suspension becomes effective.

No seniority shall be acquired during the period of suspension, except as provided for above.

(Tacoma Municipal Code Personnel Rule 1.24.930 was amended and changed to exclude the 30–day limit on cumulative suspensions by ordinance 23040, section 4, passed November 22, 1983.)

On July 18, 1983, the Tacoma Civil Service Board issued a decision which held Hanson's employer had violated rule 1.24.930. The Board found Hanson had served 8 days of suspension in excess of the 30–day limit and was entitled to back pay for those 8 days of suspension. On August 17, 1983, Hanson filed a complaint for issuance of a writ of

review with the Pierce County Superior Court and for wages due.

On August 18, 1983, the City of Tacoma, Department of Public Utilities, filed a petition for writ of certiorari and/or prohibition regarding the Civil Service Board's decision. The two complaints were consolidated by stipulation of the parties.

The trial court concluded Hanson's appeal involved a matter distinct from any rights under the collective bargaining agreement between the City of Tacoma and his bargaining agent. While it upheld the Civil Service Board's finding of a rule violation, the trial court concluded the Board was arbitrary and capricious and contrary to law in finding Hanson suspended in excess of the 30–day limit for only 8 days. The court found Hanson was suspended for purposes of Personnel Rule 1.24.930 from his yardmaster position when he worked as a switchman; that his 30th calendar day of suspension from his yardmaster position in 1983 was February 16, 1983; and that this totaled 35 days of back pay at his yardmaster's pay and 10 days of back pay for the days he was suspended and worked in the lower paying job of switchman. The court also awarded Hanson attorney fees and costs pursuant to RCW 49.48.030.

In May 1984, the Department sought review in the Court of Appeals, and the case was transferred to this court for hearing on October 28, 1985.

I

The Department of Public Utilities claims the Railway Labor Act (RLA), 45 U.S.C. § 151 *et seq.* (1982) provides for the National Railroad Adjustment Board (45 U.S.C. § 153 (1982)) to settle *all* disputes between an employee and a carrier regarding rates of pay, rules, or working conditions. Because this is a conflict over an ordinance, the Department claims jurisdiction rests with the Board and not with the State. Hanson, however, argues his rights are preempted only if a conflict exists between the RLA and Tacoma's civil service rules. Because the ordinance in exis-

tence at the time did not conflict with the RLA or the collective bargaining agreement, Hanson claims jurisdiction with the Tacoma Civil Service Board was appropriate. We agree.

The major purpose of Congress in passing the RLA was to provide the machinery to avoid strikes and the resulting interruptions of interstate commerce. *Detroit & T. Shore Line R.R. v. United Transp. Union,* 396 U.S. 142, 148, 24 L. Ed. 2d 325, 90 S. Ct. 294 (1969). To effectuate this purpose, the RLA provides for the creation of adjustment boards to arbitrate disputes between employees and carriers "growing out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions . . ." 45 U.S.C. § 153(i) (1982). These are the so-called "minor disputes". The arbitration provisions for minor disputes are mandatory and exclusive. *Andrews v. Louisville & N. R.R.,* 406 U.S. 320, 32 L. Ed. 2d 95, 92 S. Ct. 1562 (1972).

The basic framework of analysis for questions of federal labor law preemption is set forth in *San Diego Bldg. Trades Coun. v. Garmon,* 359 U.S. 236, 3 L. Ed. 2d 775, 79 S. Ct. 773 (1959). First, "[w]hen it is clear or may fairly be assumed that the activities which a State purports to regulate" are either protected or proscribed by federal law, then "due regard for the federal enactment requires that state jurisdiction must yield." *Garmon,* at 244. Second, even if a state law touches upon conduct arguably governed by the federal scheme, the state nevertheless may regulate that conduct if it is "a merely peripheral concern" of the federal law, or if it involves "interests so deeply rooted in local feeling and responsibility that, in the absence of compelling congressional direction, [the court] could not infer that Congress had deprived the States of the power to act." (Footnote omitted.) *Garmon,* at 243–44.

A more recent Supreme Court case emphasized the *Garmon* analysis is not to be applied mechanically. *Farmer v. United Bhd. of Carpenters, Local 25,* 430 U.S. 290, 51 L. Ed. 2d 338, 97 S. Ct. 1056 (1977). The Court stated the

inflexible application of the doctrine is to be avoided especially where the state has a substantial interest in regulation of the conduct at issue, *Farmer* at 302, and the state's interest does not threaten undue interference with the federal regulatory scheme. In a subsequent case, the Court declared the critical inquiry is whether the controversy presented to the state court is identical to or different from that which could have been presented to the Board. *Sears, Roebuck & Co. v. San Diego Cy. Dist. Coun. of Carpenters,* 436 U.S. 180, 197, 56 L. Ed. 2d 209, 98 S. Ct. 1745 (1978). It is only when the controversy is identical that the state exercise of jurisdiction involves a risk of interference with the uniform labor practice jurisdiction of the National Railway Adjustment Board. *Sears, Roebuck & Co.,* at 197.

A recent case in Hawaii, analogous to the one before us, applied the Supreme Court tests and found the state statute at issue was not preempted by the RLA. *Puchert v. Agsalud,* 67 Hawaii 25, 677 P.2d 449 (1984), *appeal dismissed sub nom. Pan Am. World Airways, Inc. v. Puchert,* 105 S. Ct. 2693 (1985) (appeal dismissed for want of a substantial federal question). In *Puchert,* the plaintiff/ employee had been injured at work and was later discharged because of physical limitations resulting from his earlier injury. The employee filed an action in state court pursuant to the state workers' compensation law.

In upholding the plaintiff's state court claims, the Hawaii Supreme Court found the plaintiff's complaint did not constitute a "minor dispute" subject to mandatory arbitration under the RLA.

> Inasmuch as Puchert's claim of unlawful discharge has its source in state statute and his claim is not identical to any claim he may make under the collective bargaining agreement, we hold that Puchert is not limited to pursuing remedies in the grievance and arbitration procedures established under the collective bargaining agreement.

*Puchert,* 677 P.2d at 455.

The same situation prevails in this case. Hanson exercised his right to appeal under the Tacoma City Charter to

the Civil Service Board from a violation of a personnel rule. Tacoma City Charter §§ 6.12, 6.14 (June 1, 1953 (amended September 16, 1980)). Personnel Rule 1.24.930, at the time of this case, restricted suspensions without pay of a permanent employee to 30 calendar days in any one calendar year. Under Hanson's bargaining agreement, he had no right to appeal a violation of Personnel Rule 1.24.930. The source of his right, as was the circumstance for the plaintiff in the *Puchert* case, was in the local ordinance.

The leading case applying the RLA to a state belt railroad held that the Board has jurisdiction over claims based on a collective bargaining agreement which conflicts with the state civil service laws. *California v. Taylor*, 353 U.S. 553, 561, 1 L. Ed. 2d 1034, 77 S. Ct. 1037 (1957). Here, there is no conflict between the city ordinance and Hanson's collective bargaining agreement. Courts have found local statutes to be of peripheral concern to the federal laws when they have nothing to do with collective bargaining or union organization. *Peabody Galion v. Dollar*, 666 F.2d 1309 (10th Cir. 1981); *Vaughn v. Pacific Northwest Bell Tel. Co.*, 289 Or. 73, 611 P.2d 281 (1980).

Hanson did not challenge the merits of his suspensions; the procedures for doing this are provided in his collective bargaining agreement. He exercised a right provided him by the City of Tacoma which does not appear to interrupt or conflict with the collective bargaining procedures. The overall scheme of the RLA to promote resolution of issues through arbitration and mediation is not interfered with just because the Tacoma Civil Service Board provides similar procedures. The purpose of the City's personnel rules is to satisfy the intent of the city charter to establish a centralized, integrated program for personnel administration in all departments and divisions of the City. Personnel Rule 1.24.020. Furthermore, the City recognizes and declines jurisdiction of disputes which must be adjudicated under the terms of an existing and applicable collective bargaining agreement. Personnel Rule 1.24.061. For these reasons, we find no conflict existed between the RLA and the

Tacoma city ordinance; State jurisdiction is appropriate.

## II

The Department argues Personnel Rule 1.24.930 is void because it conflicted with the city charter by limiting suspensions to 30 calendar days in a year. We find no conflict and dismiss this claim.

Resolution of this issue focuses on determining whether provisions in the city charter and in the personnel rules created an affirmative requirement that suspensions must be able to accumulate and exceed 30 days. The provisions allegedly in conflict are: (1) Tacoma City Charter § 6.12(d), which provides the Civil Service Board with the power

> To hear appeals from any action suspending for more than thirty days . . . any employee in the classified service, and further to hear appeals on any and all other controversies or matters arising out of or in connection with the Civil Service and Personnel Rules.

(2) Tacoma City Charter § 6.14, which empowers the Civil Service Board to make and promulgate all civil service and personnel rules, which shall among other things provide "[f]or the discipline of employees by suspension . . . provided, that no employee . . . shall be suspended for more than thirty days . . . except for cause" (section 6.14(j)), and "[f]or the right of appeal by any employee to the Civil Service Board from any action suspending for more than thirty days . . . and from any and all other matters arising out of or in connection with the Civil Service and Personnel Rules" (section 6.14(l)).

This court is required, when possible, to give effect to every word, clause, and sentence of a statute; no part should be deemed inoperative or superfluous unless the result of obvious mistake or error. *Cox v. Helenius*, 103 Wn.2d 383, 693 P.2d 683 (1985). Personnel Rule 1.24.930 prohibited suspensions (in the plural) that exceed 30 calendar days in 1 calendar year. Hanson suggests the rule dealt with limiting short term suspensions, the type of 5– to 10–day suspensions that need not go before the Civil Service

Board for approval. Furthermore, the provision setting requests for appeals totaling more than 30 days may be activated when an employee is suspended at the end of 1 calendar year into the next calendar year for a period exceeding 30 days (and, theoretically, 60 days).

Taken separately, Personnel Rule 1.24.930 might appear to conflict with the city charter because it restricted suspensions to a total of 30 calendar days in any one calendar year, thus, making the charter provisions unnecessary. However, the city charter itself contains the authority under which the Civil Service Board heard this appeal. Tacoma City Charter § 6.14 expressly imposes a duty on the Civil Service Board to promulgate rules authorizing employee appeals not only for suspensions exceeding 30 days, but from all controversies arising out of personnel rules. Thus, there is no lack of authority for the Civil Service Board to take jurisdiction here and there is no conflict.

The Tacoma City Charter does not have any language which would limit the Civil Service Board's power to limit cumulative days of suspension. The plain meaning of the charter provisions seems only to suggest the Civil Service Board promulgate a rule according an employee a right of appeal for suspensions exceeding 30 days. The personnel rules provide this pursuant to Personnel Rule 1.24.950. There is no conflict.

### III

The Department claims that Hanson's wage claim was inconsistent with the grounds for certiorari and, therefore, his attorney fee award should be reversed. We disagree. RCW 49.48.030 provides reasonable attorney fees *in any action* in which a person is successful in recovering judgment for wages or salary owed.

Upon the trial court's review, Hanson recovered wages for a greater number of days lost because of his suspension, thus modifying the Civil Service Board's ruling. He has satisfied the standard required under RCW 49.48.030 and, thus, should be accorded his reasonable attorney fees.

The trial court correctly concluded all calendar days suspended from Hanson's yardmaster classification should be counted in determining when the 30–day limit was reached. Because he only received recovery in the form of differential pay for his switchman workdays, no double recovery was received.

We affirm the trial court and remand for determination of reasonable attorney fees on appeal by the trial court.

UTTER, BRACHTENBACH, DORE, PEARSON, ANDERSEN, CALLOW, GOODLOE, and DURHAM, JJ., concur.