[No. 20989-2-I. Division One. August 8, 1988.]

E. RONALD JINDRA, ET AL, as *Guardians, Appellants,* v. GOLDEN WEST, ET AL, *Defendants,* ST. PAUL FIRE & MARINE INSURANCE COMPANY, *Respondent.*

*Philip H. DeTurk* and *DeTurk & Froehling,* for appellants.

*Richard L. Lambe* and *Ulin, Dann, Elston & Lambe,* for respondent.

COLEMAN, A.C.J.—E. Ronald and Sharon Jindra, individually and as guardians ad litem for their daughter, Kimberly, appeal from the trial court order granting summary judgment to St. Paul Fire & Marine Insurance Co. The Jindras contend that the trial court erred by concluding that a statute of limitation in RCW 46.70, the motor vehicle act, bars their claim against St. Paul. We affirm.

The Jindras purchased a mobile home from Golden Homes, Inc., in March 1980. On April 24, 1984, the Jindras filed an action in King County Superior Court against a handful of known and unknown defendants claiming damages as a result of formaldehyde contamination of their mobile home. Their complaint listed XYZ Bonding Company, the true name being unknown, as a defendant because of its status as the statutorily required bonding company for Golden Homes, Inc. In their second amended complaint, the Jindras identified Golden Homes' surety as the Foremost Insurance Company of Michigan. Foremost, however, was dismissed by summary judgment on February 17, 1987, because its bond became effective on November

12, 1983, well after the date of the sale of the mobile home to the Jindras in March 1980. The trial court apparently agreed with Foremost's argument that its bond only applied to its principal's liability accruing after the effective date of the bond and that the Jindras' claim accrued at the date of sale. The Jindras had argued that their claim accrued when they discovered the harm, which was well after the effective date of Foremost's bond.

The Jindras then filed a third amended complaint in March 1987 naming "PQR Bonding Company, now known as St. Paul Marine & Fire Insurance Company." The court granted St. Paul's motion for summary judgment on September 3, 1987, "based upon the one–year statute of limitation of RCW 46.70.190, notwithstanding RCW 46.70.070 and 46.70.900."

The only issue in this case is whether appellants' claims against the bonding company, provided for under RCW 46.70.070,[1] which has no express limitation period, must nonetheless be brought within the 1–year limitation period of RCW 46.70.190.[2] An analysis of the purposes and structure of RCW 46.70 resolves the question.[3]

---

[1]RCW 46.70.070(1) provides in part:

"Any retail purchaser who shall have suffered any loss or damage by reason of breach of warranty or by any act by a dealer which constitutes a violation of this chapter shall have the right to institute an action for recovery against such dealer and the surety upon such bond."

[2]RCW 46.70.190 provides in part:

"Any person who is injured in his business or property by a violation of this chapter, or any person so injured because he refuses to accede to a proposal for an arrangement which, if consummated, would be in violation of this chapter, may bring a civil action in the superior court to enjoin further violations, to recover the actual damages sustained by him together with the costs of the suit, including a reasonable attorney's fee.

". . .

"A civil action brought in the superior court pursuant to the provisions of this section must be filed no later than one year following the alleged violation of this chapter."

[3]At the outset, it is not clear that appellants have properly preserved the issue of whether claims arising under .070 are subject to the limitations period of .190.

The chapter comprehensively regulates the manufacture and sale of vehicles, including mobile homes, in the state. RCW 46.70.005 (declaration of purpose). The act also overtly provides consumer protection to purchasers of vehicles, regulating their manufacture and sale "in order to prevent frauds, impositions, and other abuses upon its citizens and to protect and preserve the investments and properties of the citizens of this state." RCW 46.70.005.

As an enforcement mechanism, the act authorizes parties injured by violation of the act to bring civil claims for damages. For example, RCW 46.70.070(1) provides in part:

Any retail purchaser who shall have suffered any loss or damage by reason of breach of warranty or by any act by a dealer which constitutes a violation of this chapter shall have the right to institute an action for recovery against such dealer and the surety upon such bond.

RCW 46.70.075 provides purchasers and dealers with a similar action against manufacturers and their bonds.

Any retail purchaser or vehicle dealer who has suffered any loss or damage by reason of breach of warranty or by any act by a manufacturer which constitutes a violation of this chapter or a violation of any standards set by the state of Washington or the federal government pertaining to construction or safety of such vehicles has the right to

---

Appellants' brief in the motion for summary judgment before the trial court does not raise the issue of whether the limitation period of .190 is applicable to .070 claims. Appellants' brief below is devoted solely to arguing that their cause of action accrued only upon discovery of the harm and not upon the purchase of the trailer and that the amendment naming St. Paul relates back to the initial filing. In their trial brief, appellants apparently conceded that .190 sets the applicable limitation period for their claims. In their brief before this court, however, they indicate they argued orally before the trial court that .190 did not apply to their claims. The trial court's order granting respondent's motion for summary judgment does contain an ambiguous reference to .070.

On the basis of the foregoing findings it is Ordered that judgment be entered here in favor of the defendant St. Paul Fire & Marine Insurance Company dismissing plaintiff's Complaint against defendant St. Paul based upon the one–year statute of limitation of RCW 46.70.190, notwithstanding RCW 46.70.070 and 46.70.900.

Because the record on the point is ambiguous, we have taken review on the merits.

institute an action for recovery against such manufacturer and the surety upon such bond. RCW 46.70.075. Another provision, RCW 46.70.180, enumerates numerous acts constituting unlawful practices, while RCW 46.70.270 then provides: "The provisions of this chapter shall be cumulative to existing laws: *Provided,* That the violation of RCW 46.70.180 shall be construed as exclusively civil and not penal in nature." Thus, the act provides another basis for bringing the negligence, fraud, products liability, etc., claims arising from vehicle sales that could be brought under the common law or other statutes (*e.g.*, the consumer protection act, RCW 19.86).

RCW 46.70.190[4] comes near the end of the chapter, and appellants argue that it provides a cause of action separate and distinct from any other claims granting provisions of the act. Respondent argues that .190 encompasses all claims for violation of the chapter. We agree with respondent.

■ The question is one of statutory interpretation. In determining the Legislature's intent, this court should read a statute as a whole and harmonize its parts to avoid inconsistent results. *State v. Postema,* 46 Wn. App. 512, 515, 731 P.2d 13, *review denied,* 108 Wn.2d 1014 (1987).

■ We construe .190 as the general provision encompassing and determining the scope of all claims for violations of RCW 46.70. We also construe .070, .075 and .180 as enumerating what acts constitute claims (*e.g.,* .070 enumerates the claim against a dealer's bond). This construction avoids the inconsistencies that would exist if .190 were read as a separate distinct claims granting provision. For example, it would be entirely inconsistent for the Legislature to impose a 1–year limitation under .190 on a claim brought by "any person . . . injured in his business or property by a violation of this chapter" but not impose the same limitation on an identical claim brought under .070 by a retail

---

[4]See footnote 2.

buyer "who shall have suffered any loss or damage by reason of breach of warranty or by any act by a dealer which constitutes a violation of this chapter".[5]

The claim granted in .070 can be entirely subsumed within the language of .190. The "retail purchaser" in .070 falls within the class of "any person" recognized by .190. "Any loss or damage" of .070 is limited in scope by .190 to damages to "business or property". If the "any loss or damage" language of .070 is not read as subject to the requirement of .190 that the injury be to "business or property", then under .070 a retail buyer could bring a claim alleging personal injury and property damage from a chapter violation. The same retail buyer bringing his claim under .190, however, would find personal injury damages unavailable. It would be entirely inconsistent for one provision, .190, to limit claims by any person injured by any violation of the chapter to damages to "business or property" if another provision, .070, allows personal injury claims by retail buyers against dealers and their bonds for any violation of the chapter. Such a construction would largely neutralize the "business or property" limitation of .190. We try

---

[5]Appellant would read the warranty language of this provision as indicating such a difference in scope that .070 could not be encompassed by .190. Appellant would have .070 recognizing claims against the bond for breaches of warranty other than those constituting violations of RCW 46.70. Section .190, of course, recognizes only claims for violations of the chapter. Section .180, however, in enumerating acts encompassing unfair practices, creates a comprehensive set of warranty claims including:

Each of the following acts or practices is unlawful:

. . .

(10) For a dealer or manufacturer to fail to comply with the obligations of any written warranty or guarantee given by the dealer or manufacturer requiring the furnishing of goods and services or repairs within a reasonable period of time, or to fail to furnish to a purchaser, all parts which attach to the manufactured unit including but not limited to the undercarriage, and all items specified in the terms of a sales agreement signed by the seller and buyer.

RCW 46.70.180(10).

Since a breach of warranty is, thus, a breach of RCW 46.70, there is no difference in the scope of claims recognized by .190 and .070—each is limited to claims for violations of the chapter.

to avoid rendering any statutory language superfluous. *Hanson v. Tacoma,* 105 Wn.2d 864, 871, 719 P.2d 104 (1986).

We find the construction that does the least violence to the language of the chapter, and the one that harmonizes the potential inconsistencies, is that .190 encompasses and limits all claims brought for violations of RCW 46.70. All claims brought for violations of RCW 46.70 are .190 claims. Other similar provisions (*e.g.,* .070, .075, .180) enumerate what constitutes a violation and confer particular rights of action. Subsection .190, however, empowers the superior court to hear those claims, subject to its substantive (types of damages recognized) and procedural (1–year limitation period) limits. Consequently, the trial court did not err in applying the limitation period of .190 to appellants' claim even if it did arise under .070.

The judgment of the trial court is affirmed.

SCHOLFIELD, C.J., and GROSSE, J., concur.