[No. 57473-6-I.   Division One.   November 27, 2006.]

ROBERT L. FRASER, *Appellant*, v. EDMONDS COMMUNITY COLLEGE, *Respondent*.

*Rebecca J. Roe* (of *Schroeter Goldmark & Bender*), for appellant.

*Robert M. McKenna, Attorney General, Catherine Hendricks, Senior Counsel,* and *Paul J. Treisch, Assistant,* for respondent.

¶1 COLEMAN, J. — Robert Fraser was awarded damages based on a promissory estoppel claim against his employer. Fraser argues that these damages constitute "wages or salary owed" and, thus, he should have been awarded attorney fees under RCW 49.48.030. His employer argues that because the damages awarded were not contractually-owed wages or salary, but only reliance damages, the attorney fee statute does not apply. Because the damages here are analogous to damages in wrongful termination cases—where the attorney fee statute has been held to apply—we conclude that Fraser should have been awarded attorney fees here. We reverse and remand for entry of an attorney fee award.

## FACTS

¶2 Fraser worked at Edmonds Community College (College) in general maintenance from 1969 to 2001. During that period, he was a classified, civil service employee.[1] Due to his age, Fraser was eligible for retirement benefits under the Public Employees Retirement System (PERS) I retirement plan, but he planned to work until he turned 65 in 2011. In 2001, at the request of Robert Botley, the College's senior vice president and chief financial officer, Fraser moved into a temporary exempt position[2] as a maintenance services manager.

¶3 In 2001, the legislature passed a statutory amendment allowing state employees to retire from state employment and be rehired under a different retirement plan, without losing retirement benefits from their original plan.

---

[1] The College's classified employees are not employed at will, but can be terminated only for cause.

[2] The College's exempt employees are employed at will.

RCW 41.32.570. Shortly after Fraser began working in the temporary position, he learned that a former College employee who had previously retired from the College was rehired and continued receiving retirement benefits under the new legislation. Fraser asked Botley whether he would be eligible to retire and be rehired without losing his retirement benefits. Botley told Fraser to ask Kathy Beem, the College's vice president of human resources.

¶4 Beem told Fraser he was eligible to retire and be rehired without losing his PERS I retirement benefits. Beem did not promise Fraser that he could retire and return to his job, but only that he was eligible to do so. Botley, however, did promise Fraser that if he retired, he would be rehired. Fraser and Botley agreed that Fraser would retire on April 30, 2002, and return to work on June 1, 2002. Relying on Botley's promise, Fraser retired on April 30, 2002.

¶5 College President Jack Oharah was not aware of the agreement to rehire Fraser. After Fraser retired, Oharah reorganized the maintenance department and opened a newly reconfigured job position to a competitive process. Fraser applied for the position but was not hired.

¶6 Fraser sued the College, claiming, inter alia, promissory estoppel. After a bench trial, the trial court found that Botley had promised Fraser that he would be rehired into the exempt, at-will position he held before he retired, but that he had not promised Fraser any particular period of employment in that exempt position. The trial court also found that the exempt position Fraser was promised had been modified and no longer existed after his retirement; thus, the promise was unenforceable. The court therefore reasoned that Fraser had no expectation of future wages in that position, but that by retiring, Fraser had given up his right to revert to an available classified position if the temporary exempt maintenance services manager position ended.

¶7 The trial court concluded that the right to revert to classified employment was the only right to which Fraser

was entitled that he gave up in reliance on Botley's promise. The court therefore calculated Fraser's damages as the difference between his monthly pension payment and the monthly salary for a classified position that was open when Fraser retired, projected out until he reached 65 years old.

¶8 After trial, Fraser moved for an attorney fee award under RCW 49.48.030, claiming he was awarded "wages or salary owed." The College argued that Fraser had no contractual or equitable basis for an award of fees and that RCW 49.48.030 did not apply to reliance damages where there is no employment or labor contract. The trial court denied Fraser's motion for attorney fees.

¶9 Fraser moved to reconsider and reopen the denial of attorney fees, but the court denied the motion. Fraser now appeals the order denying attorney fees.

*ANALYSIS*

¶10 Fraser argues that because he received compensation due by reason of employment, he should have been awarded attorney fees under RCW 49.48.030. The College argues that this statute applies only to compensation owed by reason of an employment contract and, thus, the statute does not apply here in absence of a contract.

■■ ¶11 "Washington follows the American rule that a prevailing party normally does not recover its attorney fees." *Dempere v. Nelson*, 76 Wn. App. 403, 406, 886 P.2d 219 (1994). Attorney fees are properly awarded only if specifically authorized by a contract, statute, or recognized equitable ground. *Bowles v. Dep't of Ret. Sys.*, 121 Wn.2d 52, 70, 847 P.2d 440 (1993). RCW 49.48.030 authorizes attorney fees in certain employment-related cases:

> In any action in which any person is successful in recovering judgment for wages or salary owed to him, reasonable attorney's fees, in an amount to be determined by the court, shall be assessed against said employer or former employer: PROVIDED, HOWEVER, That this section shall not apply if the

amount of recovery is less than or equal to the amount admitted by the employer to be owing for said wages or salary.

This is a remedial statute that should be construed liberally to effect its purpose. *McIntyre v. Wash. State Patrol*, 135 Wn. App. 594, 599, 141 P.3d 75 (2006); *Naches Valley Sch. Dist. No. JT3 v. Cruzen*, 54 Wn. App. 388, 399, 775 P.2d 960 (1989). It has been interpreted to apply to many forms of compensation due to an employee, including back pay, front pay, reimbursement for sick leave, and commissions. *See, e.g., Gaglidari v. Denny's Rests., Inc.*, 117 Wn.2d 426, 815 P.2d 1362 (1991) (back pay); *Hayes v. Trulock*, 51 Wn. App. 795, 755 P.2d 830 (1988) (front pay); *Naches*, 54 Wn. App. at 390 (reimbursement for sick leave); *Dautel v. Heritage Home Ctr., Inc.*, 89 Wn. App. 148, 948 P.2d 397 (1997).

¶12 The College argues that situations where damages are awarded under a promissory estoppel theory do not fit within the attorney fee statute. It is true that most of the cases applying RCW 49.48.030 have involved compensation due because of a contractual obligation to pay wages or salary, but the statute awards fees in "any action," not only actions for breach of contract. Washington courts have applied RCW 49.48.030 to cases involving a variety of theories of recovery. *See, e.g., Hayes*, 51 Wn. App. at 806-07 (employer's tortious wrongful termination of employee); *Hanson v. City of Tacoma*, 105 Wn.2d 864, 872-73, 719 P.2d 104 (1986) (employer suspended employee in violation of local ordinance). We are not persuaded by the College's argument that RCW 49.48.030 does not apply to Fraser's case simply because of the theory of recovery.

¶13 The remaining issue that we must decide, then, is whether the damages awarded to Fraser constitute "wages and salary owed" within the meaning of the statute. The *Gaglidari* court surveyed some of the case law interpretations of the statute to decide whether it applied to wrongful termination cases.

Defendant argues that plaintiff was awarded "back wages," not "wages owed". Wages owed would be for work actually

performed, while back wages are a make-whole remedy for breach of contract. Thus, defendant claims the Court of Appeals decision in *Hayes v. Trulock*, 51 Wn. App. 795, 755 P.2d 830, *review denied*, 111 Wn.2d 1015 (1988) is erroneous. Defendant requests that this court overrule *Hayes*.

In *Hayes v. Trulock, supra*, several employees brought an action for wrongful discharge and recovered damages representing the amount of wages they would have earned had they not been discharged. The court considered what the appropriate construction of the phrase "wages or salary owed" should be. RCW 49.48.030 contains no definition of wage, but RCW 49.46.010(2) defines wage as "compensation due to an employee by reason of employment". *Hayes*, 51 Wn. App. at 806. The Court of Appeals found RCW 49.48.030 to be a remedial statute, so construed it broadly to include both back pay and front pay awards. *Hayes*, 51 Wn. App. at 806.

The Court of Appeals relied on *Hanson v. [City of] Tacoma*, 105 Wn.2d 864, 719 P.2d 104 (1986). In *Hanson*, this court awarded attorney fees for a claim for back pay. Thus, the statute has been construed to include awards that were not for wages for work actually performed, but rather, money due by reason of employment.

Defendant distinguishes *Hanson* because the employee there continued working but at a lower pay level, and the claim was for the difference. It argues the fee award was for a claim based on work actually performed. Thus, it asserts the statute applies only to recover wages owed and not to actions for wrongful terminations.

We reject defendant's argument. The employee in *Hanson* recovered back pay for periods during which he did not work, as well as for the time he worked at reduced pay. *Hanson*, 105 Wn.2d at 865-66. The court also emphasized that the statute provided for attorney fees "in any action" in which a person recovers wages or salary owed. *Hanson*, 105 Wn.2d at 872. Wrongful discharge actions are not necessarily excluded by the terms of the statute.

Lost wages damages are in lieu of compensation for services. They represent wages that the plaintiff would have received had she not been discharged. Thus, attorney fees are recoverable in actions for lost wages for breach of employment contract.

*Gaglidari*, 117 Wn.2d at 448-50. The type of damages awarded in *Gaglidari* is similar to the damages awarded here. Like Gaglidari, Fraser was awarded damages that represent wages he would have earned had it not been for the employer's wrongful act—in Gaglidari's situation, the employer wrongfully discharged her, and in Fraser's, the employer wrongfully breached a promise to rehire. The language of the statute may suggest that it was originally intended to cover situations where an employer wrongfully withholds wages or salary already earned, but the statute has been interpreted to apply broadly in other situations where an employer is ordered to pay damages in the form of wages or salary to an employee by reason of employment.

¶14 Fraser's situation is analogous to a wrongful termination, and we thus conclude that RCW 49.48.030 applies here—particularly in light of the fact that this is a remedial statute to be construed liberally. Fraser's damages constitute "wages or salary owed" for purposes of RCW 49.48.030, and thus, he should have been awarded attorney fees. We therefore reverse and remand for entry of an attorney fee award.

SCHINDLER, A.C.J., and BECKER, J., concur.