273 P.3d 983 (2012)
165 Wash.App. 895
SNOQUALMIE POLICE ASSOCIATION, Appellant,
v.
CITY OF SNOQUALMIE, Respondent.
No. 66033-1-I.
Court of Appeals of Washington, Division 1.
January 17, 2012.
*984 Reba Weiss, Cline & Associates, Seattle, WA, for Appellant.
Lewis L. Ellsworth, Gordon Thomas Honeywell, Tacoma, WA, for Respondent.
*985 COX, J.
¶ 1 On review of an arbitration award that is ambiguous on its face, a court should remand the award for clarification by the arbitrator.[1] The arbitration award before us in this appeal is ambiguous on its face because it may be read in more than one reasonable way.[2] Accordingly, the trial court should not have granted summary judgment to either party, but should have remanded the matter to the arbitrator for clarification of the award. We reverse and remand with instructions.
¶ 2 The Snoqualmie Police Association, the appellant in this case, represents Derek Kasel, a sergeant with the Snoqualmie Police Department. The City of Snoqualmie discharged him for alleged misconduct on April 17, 2007. The Association challenged the discharge in accordance with the collective bargaining agreement between the parties, and the case went to binding arbitration before a single arbitrator.
¶ 3 On March 26, 2008, the arbitrator made an award based on his decision that Sergeant Kasel committed misconduct, but that the City did not have just cause to terminate him for it. He concluded that the appropriate discipline was a 60-day suspension, without pay, and a demotion from sergeant to police officer, effective upon his "return to duty." He also ordered the City "to make [Sergeant Kasel] whole for all wages and benefits lost" minus the 60-day suspension.
¶ 4 Following the arbitrator's decision, the City paid back wages and benefits at the lower police officer's wage rate, less the 60-day suspension, based on its view that the lower wage rate should apply. This calculation assumed that the 60-day suspension would have commenced on the April 17, 2007, termination date, followed by a return to duty at some time thereafter.
¶ 5 The Association disagreed. It claimed that back pay should have been calculated based on a sergeant's rate of pay. This argument is based on its view that Sergeant Kasel continued to hold that rank after his termination and was entitled to be paid at that rate until his "return to duty" following the arbitration proceeding.
¶ 6 Both sides pointed to different parts of the arbitrator's award to support these conflicting arguments. This action followed.
¶ 7 In addition to the above claim, the Association also claimed double damages and attorney fees against the City for alleged violation of RCW 49.52.070. Both parties moved for summary judgment. The trial court granted the City's motion, denied the Association's request for double damages, and awarded it a portion of the attorney fees that it requested under RCW 49.48.030.
¶ 8 The Association appeals.

ARBITRATION AWARD
¶ 9 The Association argues that the trial court erred in entering summary judgment in favor of the City because the arbitration award's plain language required summary judgment in the Association's favor. Alternatively, it argues that the award was ambiguous and therefore required remand to the arbitrator for clarification. We hold that the award is ambiguous as to the governing wage rate to be used in computing back pay. Accordingly, we reverse and remand to the trial court with instructions for it to remand to the arbitrator for clarification of his award.
¶ 10 We will affirm an order granting summary judgment if no genuine issue of material fact remains and the moving party is entitled to judgment as a matter of law.[3] We review de novo summary judgment orders, taking the evidence and all reasonable inferences from it in the light most favorable to the nonmoving party.[4]
*986 ¶ 11 Public policy in Washington strongly favors the finality of arbitration awards.[5] We afford great deference to the decisions of a labor arbitrator.[6] Therefore, the arbitrator is the final judge of both the facts and the law, and mistakes in either respect are not reviewable.[7]
¶ 12 Here, there are no factual matters at issue for purposes of summary judgment. Thus, we are faced with the legal question of whether the City was entitled to judgment as a matter of law.
¶ 13 Where an arbitration award is ambiguous on its face, courts generally remand to the arbitrator for clarification. In Tolson v. Allstate Insurance Co.,[8] Tolson submitted an uninsured motorist claim to Allstate for injuries he sustained in a car accident.[9] The claim was eventually submitted to arbitration in accordance with the policy's terms.[10] The arbitrator awarded Tolson damages, but Tolson moved to vacate the award because it did not specifically include damages for memory loss, which the arbitrator's letter stated he had proved.[11] Tolson claimed that the inconsistency was an error of law on the face of the award, demonstrating that the arbitrator had "exceeded" his powers and supporting Tolson's motion to vacate the award.[12] The trial court denied Tolson's motion.[13]
¶ 14 This court held that the letter could be read in at least two ways, and it was not clear from the letter's plain language which of the two possible readings was correct.[14] Accordingly, this court reversed the trial court's denial of the motion to vacate and remanded with directions that the trial court seek clarification from the arbitrator.[15]
¶ 15 The resolution in Tolson is consistent with persuasive authority in the employment law sphere. The Ninth Circuit came to a similar conclusion in Hanford Atomic Metal Trades Council, et al. v. General Electric Co.[16] There, the collective bargaining representative for certain General Electric (GE) production and maintenance employees in Richland, Washington, filed a grievance requesting back pay and restoration of vacation time.[17] The grievance was submitted to arbitration.[18] The arbitration committee awarded damages to the employees.[19]
¶ 16 GE paid the employees all damages it believed were due based on the award.[20] But, the employees interpreted the award differently and demanded additional compensation.[21] GE refused to pay the additional amount and the employees filed a state court action in Washington, asserting that GE breached the collective bargaining agreement by refusing to comply with the arbitration award.[22] GE removed the case to federal court.[23]
¶ 17 At trial, each party argued that its interpretation of the award was correct.[24] In the alternative, GE argued that, if the court *987 found the award to be ambiguous, the proper remedy was to remand to the arbitration committee for clarification.[25] The district court decided that the award was susceptible to two different interpretations and entered an interim judgment directing the parties to submit the dispute to the arbitration committee for clarification.[26] The arbitration committee clarified the award, stating that GE fully satisfied its terms.[27] The court then confirmed the award.[28]
¶ 18 The employees appealed, claiming that the arbitration committee's original award was not ambiguous and that the district court erred in remanding the award to the arbitration committee for clarification.[29] The Ninth Circuit agreed with the lower court and held that the original arbitration award was ambiguous and that remand to the arbitration committee was the proper remedy.[30] The court explained:
It is appellant's position that once the arbitrators have acted, it is the duty of the court to interpret and enforce the award, rather than to send the matter back to the arbitrators, to the end that the further delay involved in sending the matter back can be avoided. We think, however, that all of the foregoing cases accept the philosophy that where the parties have elected to submit their disputes to arbitration, they should be completely resolved by arbitration, rather than only partially resolved. In some cases the carrying out of this philosophy will require remanding the matter to the arbitrators, and we think that this is such a case.[[31]]
¶ 9 Relying on Hanford, the United States District Court of Hawaii recently remanded an arbitrator's award to the arbitrator for clarification in Kaanapali Golf Management, Inc. v. International Longshore and Warehouse Union, Local 142.[32] In that case, Anthony Vierra was terminated by Kaanapali Golf Management (KGM).[33] The termination was arbitrated and the arbitrator's award ordered KGM to reinstate Vierra.[34] But, after Vierra was terminated, the duties he had performed were transferred to a supervisor and his old position no longer existed.[35] It was unclear whether the arbitrator was informed of this fact.[36]
¶ 20 KGM moved for confirmation of the arbitrator's award.[37] The trial court found that the award was susceptible to two possible interpretations: that the arbitrator ordered that Vierra be reinstated to the very position that he held or that he be reinstated to a comparable position at KGM.[38] As a result, it remanded the matter to the arbitrator to determine, first, whether the arbitrator had the authority to clarify his award, and, if he did, for clarification of the ambiguity about Vierra's reinstatement.[39]
¶ 21 Here, the relevant language on which both parties rely for their conflicting interpretations of the arbitrator's award states:
Having reviewed all of the evidence and argument, and having observed the demeanor of the witnesses during their testimony, I find the City did not have just cause to summarily discharge Grievant Derek Kasel from his employment with the City of Snoqualmie. The City did establish *988 there was just cause to suspend Kasel for a period of sixty (60) calendar days and to reduce him in rank from Sergeant to police officer on his return to duty. The City is ordered to reinstate Grievant Kasel and to make him whole for all wages and benefits lost minus the sixty (60) calendar day suspension. Grievant Kasel shall be demoted from the position of Sergeant to police officer effective with his return to duty.[[40]]
¶ 22 There is more than one reasonable way to read this award. The City relies primarily on the past tense "was" in the first emphasized passage of the above quotation to justify its use of a police officer's wage rate to "make him whole for wages and benefits." As the trial court in this case appears to have concluded, this is a reasonable reading that is designed to make the grievant whole for all wages and benefits lost between the time of termination, less the 60-day suspension.
¶ 23 On the other hand, the Association relies on "shall be demoted," the future tense of the second emphasized passage above, to justify its reading that no demotion in pay occurs until the grievant's "return to duty," whenever that occurs. This, too, is a reasonable reading, given the plain language of award.
¶ 24 The award orders Sergeant Kasel be compensated for back pay and wages in order to "make him whole." Because there is more than one reasonable way to read this award to accomplish that objective and the award does not specify what wage rate governs to accomplish this purpose, the award is ambiguous.
¶ 25 The Association argues that this "make whole" language requires use of the sergeant rate for the back pay calculation. It cites Hanson v. City of Tacoma[41] and Allstot v. Edwards[42] in support of this contention. Neither case is helpful in deciding whether the award in this case is ambiguous.
¶ 26 In Hanson, the trial court awarded a suspended employee back pay for the difference in pay between his original salary and the lower salary he received while working on another job while suspended.[43] The supreme court stated that the recovery of the differential in pay was not a double recovery.[44] Ambiguity in that arbitration award was not at issue.
¶ 27 In Allstot, a police officer was awarded back pay after he was wrongfully terminated.[45] The issue on appeal was whether the trial court erred in refusing to instruct the jury that double damages were awardable.[46] Ambiguity in the arbitration award was not at issue in that case either.
¶ 28 As demonstrated in Tolson, Hanford, and Kaanapali, when an arbitration award is ambiguous, the proper remedy is to remand the award to the arbitrator for clarification. That is the proper remedy here. The trial court erred by granting summary judgment to the City without first permitting the arbitrator to clarify the award.
¶ 29 The City argues that the Association is barred from requesting that the dispute be remanded to the arbitrator because it requested that relief for the first time in its CR 59 motion for reconsideration following the summary judgment ruling. Relying on Wilcox v. Lexington Eye Institute,[47] the City argues that the request for remand was not preserved for this review. We disagree.
¶ 30 In Wilcox, the plaintiff sued the defendants for injuries resulting from LASIK eye surgery.[48] The defendants moved for summary judgment, arguing that Washington was an improper venue, based on a forum selection clause in the eye surgery consent *989 form.[49] In her response, the plaintiff relied exclusively on the doctrine of mutual mistake to argue that the forum selection clause was unenforceable.[50] The trial court granted the motion and the plaintiff moved for reconsideration arguing that the clause was also unenforceable due to fraud, undue influence, overweening bargaining power, and lack of consideration.[51] This court held that the plaintiff could not raise these new theories of law for the first time in a motion for reconsideration because they "were based on new legal theories with new and different citations to the record."[52]
¶ 31 But, this case is more analogous to August v. United States Bancorp.[53] There, the trial court dismissed on summary judgment Nick August's lawsuit against U.S. Bancorp for its alleged mismanagement of several family trusts and estates.[54] The trial court also denied August's motion for reconsideration, which was based on a new theory of liability.[55] On appeal, the bank argued that August could not introduce the new theory in a motion for reconsideration.[56] The court of appeals held otherwise for two reasons.[57] First, "`[i]n the context of summary judgment, unlike in a trial, there is no prejudice if the court considers additional facts on reconsideration.'"[58] Second, generally even after a trial an issue may be raised in a motion for reconsideration when it is closely related to an issue previously raised and no new evidence is required.[59]
¶ 32 Here, the Association's request that the case be remanded to the arbitrator for clarification is not a separate legal theory that requires the court to look at different facts in the record. Rather, it is an alternative remedy that requires no new evidence and is closely related to the issue of the plain meaning of the award. Therefore, we may consider remand as a remedy on appeal.
¶ 33 Finally, the City argues that in order for remand to be an appropriate remedy, the award must be "patently" ambiguous. That is not the law in Washington.
¶ 34 The City cites four federal district court opinions from jurisdictions outside of the Ninth Circuit in support of its claim.[60] First, the ambiguity here is patent, not latent. We have already discussed in this opinion why this is so.
¶ 35 Second, even if the ambiguity in this award could be classified as latent, we do not believe that Washington law would require such a narrow interpretation of the required remedy.
¶ 36 As Hanford states, parties agreeing to arbitrate commit all issues of fact and law to the arbitrator. That case did not suggest any distinction in the necessity to first ask the arbitrator to clarify an ambiguous award based on whether the ambiguity is patent or latent.[61] We conclude that, based on the policy that all issues of fact and law should be decided by the arbitrator, with limited judicial review, there should be no distinction in remedy based on the degree of ambiguity in a particular case.
¶ 37 To summarize, the award here is ambiguous, and thus, the trial court should not have construed the award nor granted summary *990 judgment to the City. Rather, the court should have remanded the award to the arbitrator for clarification.

DOUBLE DAMAGES UNDER RCW 49.52.070
¶ 38 The Association next argues that the trial court erred in denying it the statutory remedies for nonpayment of wages under Washington's wage rebate statute, chapter 49.52 RCW. Because there is a bona fide dispute between the parties whether additional pay is due, we reject this argument.
¶ 39 RCW 49.52.050(2) provides that an employer who, willfully and with intent to deprive the employee of any part of his or her wages, pays any employee a lower wage than it is obligated to pay shall be guilty of a misdemeanor. A willful withholding is a basis for exemplary damages of twice the amount of the wages unlawfully withheld together with costs and reasonable attorney fees.[62]
¶ 40 "`Willful withholding' is `the result of knowing and intentional action and not the result of a bona fide dispute as to the obligation of payment.'"[63] The term "willful" means that the act is volitional.[64] A "bona fide" dispute is one that is fairly debatable whether all or a portion of the wages must be paid.[65] The issue of willfulness ordinarily presents a question of fact, but when no dispute exists as to the material facts, this court may dispose of the question summarily.[66]
¶ 41 Here, the arbitrator's award is ambiguous as to the rate to be used for Sergeant Kasel's back pay. The City has paid back pay according to an officer's rate of pay. On remand, the arbitrator shall decide, in the first instance, whether additional pay is required. Thus, there is a bona fide dispute as to the obligation of the City to pay more. The trial court did not err in denying the request for double damages.

ATTORNEY FEES
¶ 42 The Association argues that the trial court abused its discretion by reducing the amount of the award of attorney fees it requested. It also argues that it is entitled to attorney fees on appeal. We hold there was no abuse of discretion in deciding the amount of fees at trial. A decision on whether and in what amount fees should be awarded for this appeal is premature.

Trial Fees
¶ 43 Washington allows a party to recover attorney fees under a statute, contract, or some well-recognized principle of equity.[67] Attorney fees are available to a successful plaintiff in a wage recovery case under RCW 49.48.030. The fee request below was based on this statute.
¶ 44 In deciding whether to award requested attorney fees, a court may discount hours spent on unsuccessful claims.[68] Any award that is substantially lower than that requested "should indicate at least approximately how the court arrived at the final numbers, and explain why discounts were applied."[69]
¶ 45 The appellate court reviews the amount of attorney fee awards made pursuant *991 to a statute for abuse of discretion.[70] A decision is an abuse of discretion if it is outside the range of acceptable choices given the facts and the applicable legal standard.[71]
¶ 46 Here, the Association requested $29,437.63 in attorney fees related to the arbitration. The trial court held that the Association was entitled to fees, but discounted the amount requested by 25 percent because "there were a number of claims that did not work[,]" including Sergeant Kasel's claim that he should be reinstated as a sergeant. This was not an abuse of discretion.
¶ 47 The Association argues that it was entitled to more attorney fees because Sergeant Kasel was entitled to back pay at the sergeant rate. But, the trial court discounted the award for a different reason: Sergeant Kasel was not successful in arguing that he should be reinstated as a sergeant. The rate of back pay was not a consideration for the attorney fee award. Therefore, the Association has not shown any abuse of discretion.

Appeal Fees
¶ 48 Finally, an award of fees on appeal is premature because the proper back pay rate has not yet been clarified by the arbitrator. Whether the City owes additional amounts may only be determined by further proceedings below. If the Association prevails, the trial court will then be in a position to determine whether and to what extent an award of fees incurred in this appeal should be made, as RAP 18.1(i) provides.
¶ 49 We reverse and remand with instructions.
WE CONCUR: ELLINGTON and GROSSE, JJ.
NOTES
[1] Tolson v. Allstate Ins. Co., 108 Wash.App. 495, 499, 32 P.3d 289 (2001); Hanford Atomic Metal Trades Council, et al. v. General Electric Co., 353 F.2d 302, 307 (9th Cir.1965); Kaanapali Golf Mgmt., Inc. v. Int'l Longshore and Warehouse Union, Local 142, noted at 2007 WL 1424682, *2.
[2] Kitsap County v. Allstate Ins. Co., 136 Wash.2d 567, 576, 964 P.2d 1173 (1998).
[3] CR 56(c).
[4] Schaaf v. Highfield, 127 Wash.2d 17, 21, 896 P.2d 665 (1995).
[5] Yakima County v. Yakima County Law Enforcement Officers Guild, 157 Wash.App. 304, 317, 237 P.3d 316 (2010) (citing Davidson v. Hensen, 135 Wash.2d 112, 118, 954 P.2d 1327 (1998)).
[6] Id. (citing United Steelworkers of Am. v. Am. Mfg. Co., 363 U.S. 564, 568, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960)).
[7] Id. (citing Clark County Pub. Util. Dist. No. 1 v. Int'l Brotherhood of Elec. Workers. Local 125, 150 Wash.2d 237, 246, 76 P.3d 248 (2003)).
[8] 108 Wash.App. 495, 32 P.3d 289 (2001).
[9] Id. at 497, 32 P.3d 289.
[10] Id.
[11] Id.
[12] Id.
[13] Id. at 499, 32 P.3d 289.
[14] Id. at 498, 32 P.3d 289.
[15] Id. at 499, 32 P.3d 289.
[16] 353 F.2d 302 (9th Cir.1965).
[17] Id. at 303.
[18] Id.
[19] Id. at 304.
[20] Id.
[21] Id. at 305.
[22] Id.
[23] Id.
[24] Id.
[25] Id.
[26] Id.
[27] Id. at 306.
[28] Id.
[29] Id. at 306-07.
[30] Id. at 307 (citing United Steelworkers of Am. v. Enter. Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960) (holding that an arbitration award was ambiguous and remand to the arbitrator for clarification was proper)).
[31] Id. at 308 (emphasis added).
[32] Noted at 2007 WL 1424682.
[33] Id. at *1.
[34] Id.
[35] Id.
[36] Id.
[37] Id.
[38] Id.
[39] Id. at *2.
[40] Clerk's Papers at 61 (emphasis added).
[41] 105 Wash.2d 864, 719 P.2d 104 (1986).
[42] 114 Wash.App. 625, 60 P.3d 601 (2002).
[43] Hanson, 105 Wash.2d at 867, 719 P.2d 104.
[44] Id. at 873, 719 P.2d 104.
[45] Allstot, 114 Wash.App. at 628-29, 60 P.3d 601.
[46] Id. at 629, 60 P.3d 601.
[47] 130 Wash.App. 234, 122 P.3d 729 (2005).
[48] Id. at 237, 122 P.3d 729.
[49] Id. at 238, 122 P.3d 729.
[50] Id. at 240, 122 P.3d 729.
[51] Id. at 240-41, 122 P.3d 729.
[52] Id. at 241, 122 P.3d 729.
[53] 146 Wash.App. 328, 190 P.3d 86 (2008).
[54] Id. at 336-37, 339, 190 P.3d 86.
[55] Id. at 339, 346, 190 P.3d 86.
[56] Id. at 346, 190 P.3d 86.
[57] Id. at 346-47, 190 P.3d 86.
[58] Id. at 347, 190 P.3d 86 (citing Chen v. State, 86 Wash.App. 183, 192, 937 P.2d 612 (1997)).
[59] Id. (citing Anderson v. Farmers Ins. Co., 83 Wash.App. 725, 734, 923 P.2d 713 (1996)).
[60] Auto., Petroleum and Allied Indus. Employees Union, Local 618 v. Sears, Roebuck and Co., 581 F.Supp. 672 (E.D.Mo.1984); Int'l Brotherhood of Elec. Workers Local Union No.2022 v. Teletype Corp., 551 F.Supp. 676 (E.D.Ark.1982); United Steelworkers of Am., Local No. 12886 v. ICI Americas Inc., Atlas Point Plant, 545 F.Supp. 152 (D.Del. 1982); United Steelworkers of Am., AFL-CIO-CLC v. Interpace Corp., 447 F.Supp. 387 (W.D.Pa.1978).
[61] 353 F.2d at 307-08.
[62] RCW 49.52.070.
[63] Yakima County, 157 Wash.App. at 341, 237 P.3d 316 (quoting Chelan County Deputy Sheriffs' Ass'n v. County of Chelan, 109 Wash.2d 282, 300, 745 P.2d 1 (1987)).
[64] Id. (citing Schilling v. Radio Holdings, Inc., 136 Wash.2d 152, 159-60, 961 P.2d 371 (1998); Champagne v. Thurston County, 163 Wash.2d 69, 81, 178 P.3d 936 (2008)).
[65] Id. (citing Schilling, 136 Wash.2d at 159-60, 961 P.2d 371; Champagne, 163 Wash.2d at 81, 178 P.3d 936).
[66] Id. (citing Schilling, 136 Wash.2d at 160, 961 P.2d 371).
[67] Torgerson v. One Lincoln Tower, LLC, 166 Wash.2d 510, 525, 210 P.3d 318 (2009) (citing Quality Food Ctrs. v. Mary Jewell T, LLC, 134 Wash.App. 814, 817, 142 P.3d 206 (2006)).
[68] Absher Const. Co. v. Kent School Dist. No. 415, 79 Wash.App. 841, 847, 917 P.2d 1086 (1995).
[69] Id. at 848, 917 P.2d 1086.
[70] Humphrey Indus., Ltd. v. Clay St. Assoc., LLC, 170 Wash.2d 495, 506, 242 P.3d 846 (2010).
[71] In re Marriage of Littlefield, 133 Wash.2d 39, 47, 940 P.2d 1362 (1997) (citing State v. Rundquist, 79 Wash.App. 786, 793, 905 P.2d 922 (1995)).