**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICK GRESS, | No. 11-35835 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-03056-RMP |
| v. | |
| CONOVER INSURANCE, INC., a Washington corporation, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna M. Peterson, Chief District Judge, Presiding

Argued and Submitted August 8, 2012
Seattle, Washington

Before: NOONAN, GRABER, and RAWLINSON, Circuit Judges.

Appellant Rick Gress (Gress) appeals the district court's entry of summary

judgment in favor of defendant Conover Insurance, Inc. (Conover).

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**1.** Under Washington law, a claim for wrongful discharge in violation of a public policy is a "narrow exception to the employment at-will doctrine." *Cudney v. ALSCO, Inc.*, 259 P.3d 244, 246 (Wash. 2011) (en banc). Because Gress failed to establish that Conover's conduct was linked to a violation of the Washington Family Leave Act (WFLA) or the Family Medical Leave Act of 1993 (FMLA), he failed to raise a genuine issue of material fact that he was terminated in violation of public policy. *See Sanders v. City of Newport*, 657 F.3d 772, 777-78 (9th Cir. 2011); *see also Sicilia v. Boeing Co.*, 775 F. Supp. 2d 1243, 1256 (W.D. Wash. 2011) (order) (explaining that the FMLA and the WFLA do not entitle employees to rights or benefits that "they would not have been entitled to had they not taken leave") (citations omitted). Because Gress never requested family leave, he did not establish a *prima facie* case of retaliation under either law. *See Little v. Windermere Relocation, Inc.*, 301 F.3d 958, 969 (9th Cir. 2002), *as amended* (considering state and federal claims together); *see also Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 779 (9th Cir. 2010) (noting that general assertions are not adequate to defeat summary judgment).

**2.** The Americans with Disabilities Act of 1990 (ADA) and Washington Law Against Discrimination (WLAD) are public policy mandates prohibiting

discrimination or retaliation against individuals with disabilities. *See Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 849 (9th Cir. 2004); *see also Becker v. Cashman*, 114 P.3d 1210, 1215 (Wash. Ct. App. 2005). It was undisputed that Conover accommodated Gress' injury. Because Gress did not raise a material issue of fact regarding whether his termination was due to his asserted disability or his exercise of rights under the ADA or WLAD, the district court properly granted summary judgment in favor of the employer. *See Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 887-88 (9th Cir. 2004)*; see also Becker*, 114 P.3d at 1213.

**3.** When there is a bona fide dispute regarding wages, no intentional and willful violation of the public policy requiring prompt payment of wages exists. *See Snoqualmie Police Ass'n v. City of Snoqualmie*, 273 P.3d 983, 990 (Wash. Ct. App. 2012). Gress did not disagree that there was a bona fide dispute regarding the wages due to him. In view of the conceded existence of a bona fide dispute, entry of summary judgment in favor of the employer was warranted. *See id.*; *see also Samuels v. Holland Am. Line-USA, Inc.*, 656 F.3d 948, 952 (9th Cir. 2012) (explaining that summary judgment is appropriate when no genuine issue of material fact exists).

Gress engaged in a protected activity when he challenged Conover's failure to pay his commission earnings. *See EEOC v. Luce, Forward, Hamilton & Scripps*, 303 F.3d 994, 1004-05 (9th Cir. 2002) (noting that protected activity includes protesting an unlawful employment practice).  However, as discussed above, Gress failed to establish a causal link between the wage dispute and his termination.  Therefore, summary judgment in favor of the employer was appropriate.  *See Coons*, 383 F.3d at 887-88.

4.     Washington state law applies the general concept that consideration exists for an employment contract when an "[e]mployee enters into a noncompete agreement when he or she is first hired." *Labriola v. Pollard Group, Inc.*, 100 P.3d 791, 794 (Wash. 2004) (en banc) (citations omitted).  Because Gress signed an employment agreement at the time of his initial hiring that included a noncompetition clause, the district court correctly determined that the noncompetition clause was enforceable and binding.  *See id.*

5.     "A contract is illusory when its provisions make performance optional or discretionary. . . ." *Cascade Auto Glass, Inc. v. Progressive Cas. Ins. Co.*, 145 P.3d 1253, 1258 (Wash. Ct. App. 2006) (citation omitted).  The fact that Conover

retained the right to unilaterally modify the contract did not render the agreement illusory, because the performance obligations remained fixed. *See id.* at 1257; *see also Duncan v. Alaska USA Fed. Credit Union, Inc.*, 199 P.3d 991, 1002 (Wash. Ct. App. 2008) (noting that "[i]t is beyond dispute that Washington law provides that a terminable-at-will contract may be unilaterally modified") (footnote reference and internal quotation marks omitted). That circumstance did not render the contract illusory. *See Cascade*, 145 P.3d at 1257.

**AFFIRMED.**

5